ARBUCKLE REALTY TRUST v.
SOUTHERN ROCK ASPHALT
CO. et al.

No. 29715.   July 1, 1941.

Rehearing Denied Sept. 16, 1941.

*116 P. 2d 912.*

H. A. Ledbetter, of Ardmore, for plaintiff in error.

Shirk, Danner, Earnheart & Shirk, of Oklahoma City, and Potterf, Gray & Poindexter, of Ardmore, for defendants in error.

BAYLESS, J. Arbuckle Realty Trust appeals from a judgment of the district court of Murray county in favor of Southern Rock Asphalt Company et al. Plaintiff's action was equitable in nature for the purpose of quieting title to real estate, and defendants in turn sought appropriate cross-relief.

Both sides claim from a common source of title. Lena Bean is the common grantor. December 31, 1917, Lena Bean and husband conveyed the real estate involved to A. L. Burney, reserving to her "own sole and exclusive benefit all of the sand and gravel that is now or may hereafter be deposited upon said land in the bed of said Rock creek," and other matters not pertinent to recite. Burney's heirs conveyed to a trustee, and from this source and other conveyances plaintiff now asserts title to the real estate to the exclusion of defendants. Defendants plead conveyances to them of the interests reserved by Lena Bean, and assert title thereto, admitting plaintiff's title to the real estate exclusive of this interest. In other words, the purpose of plaintiff's action is to quiet title against defendants' claim to the right to take sand and gravel from the creek bed, whereas defendants seek to quiet title to their right to take sand and gravel from the creek bed.

The deed from Lena Bean to Burney was recorded March 25, 1918, which was before Burney's death, and, therefore, before his heirs could convey. The recordation of the deed from Bean to Burney was notice to the world of what was conveyed and what was reserved.

We find in the record but one of the instruments of conveyance, subsequent to the Bean-Burney deed, whereon plaintiff bases its title. Therefore, we are unable to know whether these conveyances affirmed or negatived the reservation contained in the Bean deed. Defendants do not deny plaintiff's title, except as to the sand and gravel privilege, and to this extent the absence of the conveyances is immaterial. However, they are material insofar as they would shed light on whether the grantors subsequent to Bean recognized the reserved interest, or ignored it by silence, or expressly denied it. We think this is material with respect to plaintiff's assertion of title by adverse possession. As stated before, the recordation of the Bean deed was notice to plaintiff, but despite this notice plaintiff and its immediate grantors could have formed an intent to hold adversely. If the conveyances that passed title to them indicated that such an intent had been formed, a definite date for the commencement of the adverse claim could be more certainly fixed. In the absence of these conveyances, plaintiff

is reduced to relying upon the one deed and the oral evidence given at the trial.

Plaintiff's first and fourth propositions merge into each other for all practical purposes. It is contended first that plaintiff and its immediate grantors have been in the continuous, adverse, and hostile possession for more than 15 years and thereby have established title by prescription; and that, having been in such possession for more than 15 years, the 15 years statute of limitations and the five years statute of limitations relating to a sheriff's deed (under which they claim) are sufficient to bar defendants' claim. The so-called sheriff's deed is not in the record and we cannot give it any weight.

Each of the parties introduced considerable oral evidence of witnesses who resided near, had worked upon, had leased or otherwise were familiar with the land involved, which tended to support the respective claims concerning who had had possession, and the nature and extent thereof. The trial judge found that at four widely separated intervals plaintiff and its grantors had taken overt acts that tended to set in motion a state of possession that could ripen into a title adverse to defendants, and we think there is evidence to justify this finding. However, the trial judge also found that in each instance defendants and their predecessors in title had taken overt steps that broke or interfered with the continuous possession necessary to plaintiff's position, and concluded as a matter of fact and law that plaintiff had not sustained the burden of proof in this respect. We agree with this finding and conclusion.

Plaintiff's second contention is that the right to the sand and gravel reserved by Lena Bean never ripened into a vested property right on account of the failure of Lena Bean and her successors to construct cattle guards or to keep them in a state of repair to protect the land from trespassing cattle. This argument is based upon the language appearing in the Lena Bean deed whereby she reserved the sand and gravel interest. Briefly, it obligated her assigns to "construct cattle guards and keep same in repair" to protect her assigns of the residue of said land from trespass by cattle. Plaintiff argues that this was a condition precedent to the ripening of her estate, and since it is stipulated that neither she nor her assigns constructed cattle guards, her reserved estate never ripened. This argument is fallacious. The estate she reserved was in her at all times after she acquired title to the land, and she did not part with it by virtue of the deed to Burney, and consequently it had no occasion to ripen as contended by plaintiff. Morgan v. McGee, 117 Okla. 212, 245 P. 888 (later overruled on other points in Melton v. Sneed, 188 Okla. 388, 109 P. 2d 509). The obligations she assumed in connection with the continued enjoyment of her estate may not have been observed by her or her assigns, and if anyone has been injured thereby, a remedy is available. But this is an entirely different thing to saying that because she breached these obligations her reserved estate, which was hers at all times, never ripened and became effectual.

The third contention is that the reserved right to the sand and gravel is so indefinite and vague that no rights relating thereto can be recovered by defendants. The argument made is based on authorities to the effect that the description of the premises conveyed must be so certain and definite as to enable the land to be identified. Devlin on Real Estate (3d Ed.) vol. 2, § 1010. There is no fault to be found with such a rule of law. The evidence in this case is that this creek had a well-defined bed, regular banks, and a well-known, easily recognizable channel. More ought not to be required. In passing, we might observe that the only deed introduced by plaintiff in its chain of title subsequent to the Lena Bean deed describes the land conveyed to plaintiff, in part, as: "And all that part of the N. W. ¼ of section 7, lying east of a line ten feet west of and parallel to the west bank of Rock creek." It seems

that if one of the banks of this creek can furnish a sufficiently definite basis for identifying plaintiff's land, the entire creek ought, with good reason, be acceptable as a part of the description of defendants' estate.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.