FARRIS et al. v. SMALLWOOD.

No. 33936. Feb. 13, 1951.

*227 P. 2d 644.*

Twyford, Smith & Crowe, Oklahoma City, for plaintiffs in error.

Gray & Poindexter, Ardmore, for defendant in error.

O'NEAL, J. This is an appeal from a decree of the district court of Carter county quieting title in defendant in error, J. H. Smallwood, to 60 acres of land in section 17, township 5 south, range 1 west, in said county.

Defendant in error, hereinafter referred to as plaintiff, commenced this action to quiet the title to the land involved. He bases his title on a resale tax deed to Carter county by the county treasurer dated April 30, 1927, and a deed executed by the members of the board of county commissioners of said county dated July 7, 1928, conveying the land to plaintiff, and also on plaintiff's open, exclusive and adverse possession for more than 15 years.

The answering defendants, John Farris, Mrs. Aliah E. Boyouth, F. M. Jabara, M. S. Farha, in their answer, alleged that they are the owners in fee simple of separate undivided interests

in said land set out in their answer, and are cotenants of defendants, Frank B. Shipley, A. E. Andeel, and Mrs. Sam Andell, who did not answer, but the answering defendants assert their right and duty to defend for their own behalf and on behalf of their nonanswering cotenants. The answer denies each and every material allegation not specifically admitted in the answer. They specifically deny that J. H. Smallwood is in possession of the land, and specifically deny that said plaintiff had been in the continuous possession of said property for more than 15 years, or that said possession has been open, exclusive and adverse for any period of time. They admit that they claim an interest in the land, and allege that they acquired their interest through a warranty deed by Ben Implin, the original allottee, dated March 22, 1916, conveying the land to M. S. Farha and Sam Andeel, and by various mesne conveyances whereby and under which said defendants became and are the owners of several undivided interests in said land as follows:

"John Farris an undivided 1/4th interest. Mrs. Aliah E. Boyouth an undivided 1/24th interest. F. M. Jabara an undivided 1/12th interest. Frank B. Shipley an undivided 1/24th interest. A. E. Andeel an undivided 13/60ths interest. M. S. Farha an undivided 1/3rd interest. Mrs. Sam Andeel an undivided 1/30th interest."

The answer then alleges, in substance, that the county commissioners' deed is void for the reason that the title of the county commissioners to said land was based upon a resale tax deed of 1927, and that said resale tax deed is void and of no effect for the following reasons:

"(1) Said deed is void on its face.

"(2) That the resale advertisement of the sale of 1927 was not published for a sufficient length of time.

"(3) That said advertisement did not contain the names of the proper parties required by law.

"(4) That said advertisement contained illegal levies and charges."

The answer then alleges that said resale was based upon an original sale of said land held November 3, 1924, and that said original sale was void for certain stated reasons. But since the case turned almost entirely upon the question of title by prescription, and since the trial court based its decision on that issue, we deem it unnecessary to discuss the allegations, or evidence, with respect to the alleged invalidity of the county commissioners' deed, the resale tax deed, or the original sale by the county treasurer. Said answering defendants, on their own behalf, and on behalf of the nonanswering codefendants, tendered any sums the court might adjudge to be due plaintiff for said county commissioners' deed and subsequent taxes paid.

The decree was for plaintiff based upon plaintiff's claim of open, exclusive, notorious and adverse possession for more than 15 years, and defendants appeal.

The principal contention is that the judgment is contrary to law; is not sustained by the evidence, and is contrary to the evidence.

This necessarily calls for a review of the evidence. The uncontradicted evidence was that plaintiff obtained a deed from the board of county commissioners on July 7, 1928; it was filed for record and may be found in Book 82 of Deed Records, at page 163. Plaintiff lived with his mother and a younger brother about one mile west of the land involved. Of the 60 acres, some 15 or 20 acres were tillable land. The balance of the land was partly grass land and partly timber land. Shortly after plaintiff obtained his deed, he went into possession of the land. For the first four or five years thereafter plaintiff and his younger brother cultivated a part of the land, and during each of said four or five years they planted about 10 or 15 acres in corn.

Plaintiff fenced off that part of cultivated land from the other part and pastured the uncultivated part. There were native wild pecan trees growing on a portion of the land. Each year, up to about 1940, plaintiff and his brother gathered the pecans. The cultivated land was subject to overflow and after about 1933 plaintiff did not cultivate or plant in crops any of the land. But the land was enclosed with other land, and plaintiff pastured the same, together with other land, until about 1940. About 1940 plaintiff, J. H. Smallwood, moved away, or went to work in the oil fields. E. R. Norton, a witness for plaintiff, testified that plaintiff "told me when he left that he wanted me to gather the pecans until he came back, later he said 'if you see after the timber I will give you the use of that grass.'" He testified further that he did so; that no timber had been cut from the land, and that he had used the grass every year during the grass season. He testified further that since about 1940, he (Norton) had gathered the pecans from the land and sold them and had always sent plaintiff his half. He testified further that during all the eight years from 1940 to 1948 no person had interfered with him in pasturing the land, or in gathering the pecans.

After plaintiff obtained his deed there never was a house, or other building, on the land. It was not fenced separately from other lands. All taxes on the land from 1928 to and including 1947 had been paid by plaintiff. There was no evidence tending to contradict the testimony of plaintiff's witnesses concerning the possession or control of the land from 1928 or 1929 down to the date of the trial.

Defendants cite Kelly v. Choate, 192 Okla. 397, 136 P. 2d 885, and Arbuckle Realty Trust v. Southern Rock Asphalt Co., 189 Okla. 304, 116 P. 2d 912, which hold that the burden of proof is upon the party relying upon title by prescription. That seems to be the established rule.

Defendant also cites Reinhart & Donovan Co. v. Missouri, K. & T. Ry. Co., 187 Okla. 661, 105 P. 2d 541, in support of their claim that to establish title by prescription, proof must be clear and positive that all inferences and presumptions are in favor of the true owner. That, also, seems to be the established rule. Defendants then cite Anderson v. Francis, 177 Okla. 47, 57 P. 2d 619, which holds:

"Title by Prescription—Requisites. Title to land cannot be acquired by adverse possession unless the possession is open, notorious, hostile, and exclusive, and it is also essential that such possession, in order that it may ripen into title, should be shown to be continuous and uninterrupted for the full statutory period. The moment the possession is broken it ceases to be effectual, because as soon as, and as often as, a break occurs the law restores the constructive possession of the owner."

Defendants then argue that if it is to be conceded that picking pecans is possession, then the minute the picking ceases, the possession is restored instanter to the rightful owner. They then argue that in the instant case the possession was not continuous and uninterrupted for the required 15 years. We assume that that argument is made with reference to the testimony of the witness, E. R. Norton. The testimony of that witness was not confined to "picking pecans" as pointed out above. He also testified that when plaintiff moved away he agreed with witness that he, Norton, would look after the timber, he (Norton) should have the use of the grass. He testified that he agreed to do that, and that no timber had been cut, and that he (Norton) had the use of the grass every year during the grass season.

There is abundant evidence to bring the case within the rule stated in Fessler v. Thompson, 191 Okla. 450, 130 P. 2d 513, wherein it was held:

"It is not necessary, in order to establish and maintain possession of real

estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is sufficient if the party is doing such acts thereon that indicate in an open, public and visible manner that he has the exclusive control over the land, under a claim of right to such exclusive possession."

There is ample evidence to support the judgment of the trial court, and it cannot be said that said judgment is clearly against the weight of the evidence. It is unnecessary to consider the question whether the deed of plaintiff from the board of county commissioners was valid in all respects.

Affirmed.