### COLSON v. HALL et al.

No. 34349.   April 8, 1952.

Rehearing Denied July 8, 1952.

Application for Leave to File Second Petition for Rehearing Denied July 23, 1952.

*246 P. 2d 339.*

Wayne B. Snow, Oklahoma City, for plaintiff in error.

Suits, Weiss & Berry, Fred E. Suits, Charles N. Berry, Jr., Keaton, Wells, Johnston & Lytle, Roy C. Lytle, Warren B. White, Brown, Darrough & Ball, Virgil R. Ball, Everest, McKenzie, Gibbens & Crawford, R. J. Gibbens, and V. J. Bodovitz, Oklahoma City, for defendants in error.

ARNOLD, C. J.  Woodrow Colson filed his petition in district court to quiet his alleged title to certain lots located in blocks 1, 16, 17, and 33, College Park Addition to Britton. His claimed right to have title quieted in him is based entirely upon adverse possession under color of title for more than 15 years, the minimum statutory period. Each of the defendants denied his prescriptive right and cross-petition alleged ownership and sought to have their alleged titles quieted. From judgment for defendants quieting their respective titles against plaintiff, plaintiff appeals.

Plaintiff alleges that his color of title arose by virtue of the following contract entered into on the 3rd day of December, 1920, between C. A. Clark, party of the first part, and H. J. Colson, father of plaintiff, party of the second part, providing:

"It is hereby further agreed by the parties hereto that the possession now held by the said C. A. Clark to all of Blocks 1, 16, 17, 32, and 33, comprising approximately 25 acres of land, shall be turned over and delivered up to the said H. J. Colson, upon delivery and acceptance by him of the deed and abstract, executed by the said C. A. Clark and Ola Clark, his wife, on even date herewith, and payment by him of the sum of $1250.00."

All of the lots here in controversy are situated in the designated blocks above. Plaintiff admitted in the trial court that each of the defendants was the record owner of the title alleged by such defendant except for the fact that their deeds were champertous. The testimony adduced by plaintiff to show adverse possession for more than 15 years of the lots in controversy is insufficient in many particulars. Any possesion shown prior to 1941 was by other members of his family and not by plaintiff. The possession then by such other members of the family was not of the entire tract but only

limited parts. Neither was it continuous or exclusive.

Defendants introduced testimony showing possession in them of the various lots claimed by them which need not be detailed.

It is not claimed that H. J. Colson ever paid the price or got the deed from Clark under the provisions of the contract which plaintiff alleges is his color of title. It is also admitted that no taxes were ever paid on any of the lots here in controversy by any of the Colsons. It is also admitted that no deeds were ever given by any of the Colsons of any interest which they might have in the property to the plaintiff here, Woodrow Colson.

The court held that plaintiff had not proved adverse possession for the required statutory period.

The party relying on a title by adverse possession has the burden of proving all the facts necessary to establish such a title. Adverse possession is to be taken strictly, and every presumption is in favor of possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference, All of its constituent elements, actual, open, notorious, exclusive, and hostile possession for the full statutory period, must be established. Russell v. Davidson, 200 Okla. 408, 194 P. 2d 887; Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. Co., 187 Okla. 661, 105 P. 2d 541.

Plaintiff has not met this burden. He has at most proved occasional occupancy by the members of his family since 1920, and a claim of ownership by him only since 1941. He urges that he can tack his adverse possession onto that of his ancestor, his mother. Conceding for the sake of argument that he could, there is not sufficient proof of possession by his mother for the required period to meet the standard set forth above. The most that can be said of the possession of his mother is that she lived in various houses on these tracts off and on, between marriages and between residence in other states. She testified to various tenants farming the land during these periods but she failed to establish that she had been in actual, open, notorious, exclusive, and hostile possession for a period sufficient when tacked to plaintiff's possession to make 15 or more years.

Plaintiff further claims that the deeds under which defendants claim title are champertous because the grantors had not been in actual possession of the property for more than a year prior to the execution of such deeds. Defendants controvert this claim. Even so, a deed given by an owner not in actual possession of the property for more than a year is not champertous where the land deeded is in possession of one who does not hold adversely (10 Am. Jur. §§18-19, p. 564; Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 P. 468, L. R. A. 1918A, 487) and plaintiff failed to prove that he was holding the land deeded adversely at the time such deeds were given.

The judgment is not clearly against the weight of the evidence.

Affirmed.