L. E. STERN, Plaintiff in Error,

v.

E. B. FRANKLIN et al., Defendants in Error.

No. 36775.

Supreme Court of Oklahoma.

Sept. 27, 1955.

W. D. Hart, Pauls Valley, for plaintiff in error.

Paul & Montgomery, Durant, for defendants in error.

PER CURIAM.

This is an action to quiet title to 120 acres of land, to-wit, the N½ of SW¼ and SW¼ of SW¼ of Section 25, Township 1 North, Range 11 East, Coal County, Oklahoma. From an adverse judgment in the court below plaintiff appealed. The parties occupying the same relative position as in the trial court will be referred to herein as they there appeared.

Plaintiff commenced this action basing his title to the land involved upon a sheriff's deed issued to him on April 17, 1929, by the then sheriff of Coal county, Oklahoma, pursuant to a decree of foreclosure. Plaintiff also alleged that the tax deed issued by Coal county to E. B. Franklin was void for the following reasons:

(1) That it included the last quarter of 1939 taxes.

(2) That said sale was void on its face.

(3) That said sale was based on a void assessment.

(4) That the original sale upon which deed is based was not advertised for a sufficient length of time.

Said plaintiff tendered any sums the court might adjudge to be due for taxes, interest, penalties and costs.

The defendants, except the County Treasurer and Board of County Commissioners who filed general denial, each filed separate and duplicate answers and cross-petitions, except said defendants set out their separate interests; denying title of plaintiff and alleging ownership of the property and possession thereof under a County Deed based upon a Tax Deed and title by prescription by reason of being in possession for five years; and further stating their interests were subject to an Oil & Gas Lease of Faust & Kerns Royalties, Inc.

Plaintiff by way of reply denied the allegations of said defendants answers and cross-petitions, except admitting the only claim of defendants to said property was by resale deed or mesne conveyances based thereon and specifically denied the five year statute of limitations applied in the case; and specifically denied that said defendants or either of them were in possession. Plaintiff then filed a second amended petition in substance electing to ratify the Oil & Gas Lease of Faust & Kern Royalties, Inc., and asked an accounting from those defendants who received bonuses for their executing of leases to Faust & Kerns.

Material facts were covered in a written stipulation as follows:

1. That plaintiff, L. E. Stern, is a claimant to all surface rights and all mineral and mineral ownership.

2. That defendant, Robert C. Jackson, is a claimant to all of surface and surface rights and one-half of mineral and mineral rights.

That defendant, E. B. Franklin, claimant to undivided ½ mineral interest.

That defendant Federal National Bank of Shawnee, Oklahoma, claimed an undivided ⅙ mineral interest.

That defendant A. W. Morrison claimed an undivided ⅓₀ mineral interest.

That defendant Myra Eunice Miller claimed an undivided ⅓₀ mineral interest.

That defendants J. O. and Virginia Sherman claimed an undivided ⅓₀ mineral interest.

That defendants Earl and Ruth Mitcham claimed an undivided ⅙ mineral interest.

That defendant Faust & Kerns Royalties, Inc., claimant of oil and gas lease covering the entire leasehold estate.

3. Stipulation is not to be construed as exclusive of all facts upon which this cause is to be submitted to judgment, being comprised of a statement and agreement only of the parts material upon which the interested parties have been able to agree and that each and every party may introduce, subject to the right of all or any other parties rights to place proper objections, or to produce other pertinent evidence in support of their respective pleadings or in opposition to any other parties' evidence.

4. That the lands were sold at 1940 tax sale and that notice of resale included last quarter of the 1939 assessment levied against lands here involved and the date of the first publication was April 11, 1940.

5. That certain written instruments both of plaintiff and the various defendants might be introduced into evidence without identification and to be considered as evidence. Such instruments being the mesne conveyances and documentary proof upon which the parties based their respective ownership of their separate interests.

Since all pertinent facts, except that of possession were stipulated by the parties hereto, the only question to be presented to this Court is the matter of who was in possession of said property from the date of the Tax Sale, on, and whether the defendant acquired title by prescription under Title 12 O.S.1951 § 93, by adverse possession.

Prior to the issuance of the Tax Deed the record title to the property in question was in the plaintiff. The defendants, and each of them, have no right, title, or interest therein unless it is by reason of their occupancy thereof, under color of title or claim of right.

It is the contention of plaintiff, that the judgment is contrary to the law and evidence and that the court erred in finding and holding that defendants were in possession of said lands involved in said action; that the court erred in not requiring defendant to account to plaintiff for any monies received by virtue of their selling any oil and gas leases on said land.

It is therefore mandatory that this court review the evidence. The uncontradicted evidence was that the defendant, E. B. Franklin, obtained a County Tax Deed from the Board of County Commissioners on February 1, 1941; that he thereafter on July 26, 1943, conveyed a ⅔ interest in and to the land therein involved to E. M. Mitcham and Lillian O'Connell; both of said deeds were filed of record and are found in Book 159, page 99, and Book 164, pages 487-488, respectively. The defendant Lillian Briggs, then O'Connell, entered into a lease of said lands to the defendant Robert C. Jackson the terms of same being that Jackson was to have the use of said lands for pasture purposes providing he would look after same and keep unauthorized persons from cutting the timber therefrom. Jackson remained the lessee of defendant Lillian Briggs under these terms until June 1, 1946, at which time he purchased said lands from defendants E. B. Franklin, Earl Mitcham and Lillian Briggs. By this conveyance he was conveyed the surface and

one-half of the minerals. All other defendant claimants derive whatever interest they have in said lands by reason of mineral conveyances from the defendants, E. B. Franklin, Earl Mitcham and Lillian Briggs. The defendant Jackson lives one-half mile north of the land involved herein. There is a 20 acre tract between the land on which he lives and the land in question. This 20 acre tract was owned by Jackson's brother-in-law, Charley Tidwell, who lived thereon. Jackson, under his lease agreement, began to run his cattle upon the land involved and also made an agreement with his brother-in-law for him to also pasture his cattle there. The land was unenclosed, and Jackson and Tidwell erected a 4 wire fence along the roadway one-half mile north of said land connecting this fence with a fence belonging to one Smiley Corsini. The southern, eastern and western boundaries of the land involved was not fenced, and the evidence discloses that other persons also had cattle pasturing on this land. Jackson went to California, at which time he placed this property in charge of his brother-in-law, Charley Tidwell, who continued to run his cattle on said land and has cattle thereon at this time. The defendant, Earl Mitcham, in the year 1941 had a man by the name of Fronterhouse cut some timber from the land involved, which timber cutting lasted for a period of approximately 60 or 90 days.

After defendant, E. B. Franklin, obtained his deed he paid the taxes on said land for the years 1942, '43, '44 and '45; and thereafter for the years 1946 to the present time taxes upon said land were paid by the defendant Jackson; and said land was known in the community as the Jackson land.

Plaintiff cites in support of his contention the cases of Lind v. Stubblefield, 138 Okl. 280, 282 P. 365; Williams v. Bailey, Okl., 268 P.2d 868; Stewart v. Seigle, Okl., 274 P.2d 395; Morton v. Van Orsdol, 203 Okl. 394, 222 P.2d 520; Farmers Nat. Bank of Oklahoma City v. Gillis, 155 Okl. 290, 9 P.2d 47; McElhany v. Langston, 105 Okl. 209, 232 P. 439; Russell v. Davidson, 200 Okl. 408, 194 P.2d 887; Colson v. Hall, 206 Okl. 687, 246 P.2d 339; Wilcox v. Wickizer, Okl., 266 P.2d 638; Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. Co., 187 Okl. 661, 105 P.2d 541; Brewster v. Herron, Okl., 267 P.2d 143; which hold that the party relying on a title by adverse possession has the burden of proving all facts necessary to establish such title. Adverse possession is to be taken strictly, and every presumption is in favor of possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. All of its constituent elements, actual, open, exclusive and hostile possession for the full statutory period, must be established. Such seems to be the established rule, and defendant argues the point that the grazing of said land by persons other than the defendant Jackson and his brother-in-law was not such an exclusive possession so as to be continuous and uninterrupted. However, this court in the case of Fessler v. Thompson, 191 Okl. 450, 130 P.2d 513, 514, committed itself to the rule as follows:

" 'It is not necessary, in order to establish and maintain posssession of real estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is sufficient if the party is doing such acts thereon that indicate in an open, public, and visible manner that he has exclusive control over the land, under a claim of right to such exclusive possession.' "

This rule was followed and fully determined to be the law in this state in the case of Farris v. Smallwood, 204 Okl. 123, 227 P.2d 644.

We therefore hold that there is sufficient evidence to support the judgment of the trial court, and it cannot be said that said judgment is clearly against the weight of the evidence. Having concluded that the judgment of the trial court should be affirmed on the matter of possession it is unnecessary to consider the matter of accounting as between the parties.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the prep-

aration of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Crawford and Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.