**Gus KIMBLE, and R. E. Nemick, Roy C. Kimble, Floyd C. Kimble, Gus Kimble and Ella Glass, Trustees, Plaintiffs in Error,**

**v.**

**Joe ALLEN et al., Defendants in Error.**

**No. 36874.**

Supreme Court of Oklahoma.

April 17, 1956.

Rehearing Denied June 26, 1956.

George H. Jennings, Sapulpa, for plaintiffs in error.

L. K. Pounders, Bristow, for defendant in error.

PER CURIAM.

The defendant in error, Joe Allen, hereinafter referred to as plaintiff, brought this action in the Superior Court of Creek County to quiet title to the land herein involved. His title is based on a resale tax deed to him by the County Treasurer dated May 8, 1944 and filed for record May 18, 1944; also, on his open, exclusive and adverse possession for more than five years, and his payment of taxes assessed against said property from the date of the tax sale to the present time.

Plaintiffs in error, Gus Kimble, and R. E. Nemick, Roy C. Kimble, Floyd C. Kimble, Gus Kimble and Ella Glass, trustees, hereinafter referred to as defendants, filed answer and cross-petition in which they deny each and every material allegation not specifically admitted; allege that Gus Kimble is the owner of the fee simple title to said property, less the oil, gas and mineral rights, which is in said other named defendants designated as trustees. The answer then attacks the validity of the resale tax deed on the grounds that the land was advertised for sale and sold for an amount in excess of the amount which was due and owing thereupon. A tender and offer to pay any sums the court might find to be due and payable is then made in the answer. By their cross-petition they pray for affirmative relief to quiet their title as against the tax deed.

The trial court found for plaintiff, based upon his claim for open, exclusive, notorious and adverse possession for more than five years from the date of the recording of the tax deed and defendants have perfected this appeal.

Since, under the stipulated facts herein, it is apparent that the resale tax deed was void at the time it was executed, the question here presented is the matter of who was in possession of said property from the date of the recordation of the tax deed and whether plaintiff acquired title by prescription under 12 O.S.1951 § 93, by adverse possession. Sarkey v. Scott, Okl., 269 P.2d 779.

Defendants contend that plaintiff's evidence is insufficient to show that he had been in the actual open, notorious, exclusive, continuous and hostile possession of the land involved herein for the full five year period prescribed by Sec. 93, supra, so as to bar defendants' right to challenge the validity of said resale tax deed, and to authorize the trial court to enter judgment in plaintiff's favor.

While the tax deed transmits no title, because it is void, it is sufficient color of title in Oklahoma to support an adverse possession to the property therein described. See Fletcher v. Twyford, Okl., 267 P.2d 554, wherein this court held:

"An action or defense against a certificate tax deed, which is void on the face of the tax sale proceedings, is barred from prosecution, if there has been a lapse of time, following its recordation, accompanied with possession of the real property by the holder of the tax deed, for the period prescribed by statute as sufficient to bar an action for the recovery of the real property."

In the instant case the plaintiff must prevail upon his adverse possession of the land involved herein. He has no right, title or interest therein unless it is by reason of his occupancy thereof, under color of title or claim of right.

The defendants cite numerous cases to the effect that the doctrine of adverse possession is to be taken strictly and is not to be made out by inference, but by clear and positive proof, and that every presumption is in favor of possession in subordination to the title of the true owner; that a possession to be adverse must be open, visible, continuous and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of other, but against all titles and claimants. This is the established rule in this jurisdiction, yet this court has consistently held, as we said in the case of Fessler v. Thompson, 191 Okl. 450, 130 P.2d 513, Syllabus 2:

"It is not necessary, in order to establish and maintain possession of real estate, that the claimant should actually reside upon it or have it inclosed

with a fence. It is sufficient if the party, is doing such acts thereon that indicate in an open, public and visible manner that he has the exclusive control over the land, under a claim of right to such exclusive possession."

In this connection see Farris v. Smallwood, 204 Okl. 123, 227 P.2d 644, and Stern v. Franklin, Okl., 288 P.2d 412.

While it is true that the land involved herein was inclosed as a portion of a larger tract, a part of which was owned by persons other than plaintiff, there is no evidence reflected by the record that such persons had ever made claim to the particular land herein involved. On the contrary, the record discloses that this land was unfit for anything except pasture; that plaintiff immediately upon acquiring the questioned resale tax deed proceeded to repair the fences which bounded the larger tract, turned his stock therein and used same for pasture purposes for each of the years thereafter until the year 1953, at which time he leased all of his land, including that covered by the tax deed to one, Robert C. Standifer, who was one of defendants' witnesses. At the time of trial Standifer was still the tenant of plaintiff, was attorning to him for the rent, and his testimony was to the effect that the property was known as the Joe Allen pasture; that it had been so known for many years. The record further discloses that plaintiff had paid all taxes assessed against said land since the date of the resale tax deed to the present time.

Defendants contend that there was some 1,250 acres of land contained in the large tract in addition to the lands owned and leased by plaintiff and the land involved herein; that others pastured the tract under claim of specific tracts therein; that all of it was being used as a common pasture; that this constituted a mixed possession, and therefore plaintiff did not have exclusive possession against all other titles and claimants. They cite numerous cases in support of this contention. However, in each of the cases cited the mixed possession shown was between the record title owner of the property and the adverse title claimants. In the case of Howard v.

Stanolind Oil & Gas Co., 197 Okl. 269, 169 P.2d 737, 744, cited and relied upon by defendants, this court held as follows:

"Adverse possession, in order to ripen into title, must be exclusive. 'Exclusive possession' means that the disseizor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit. Two persons cannot hold one piece of property adversely to each other at the same time, and where two persons have entered upon the land, he who has the better title will be deemed to be in possession thereof. It is therefore essential that the possession of one who claims adversely should establish as an ouster of the true owner because in the absence of the ouster, the title draws to itself the continuous possession of the property. Possession not amounting to disseizin is insufficient."

The rule thus cited has no application to, the instant case for in that case the factual situation discloses that the adverse title claimant and the record title owner were in possession of the property at the time. In that case, never at any time was there an exclusive possession on the part of the adverse title claimant, nor was an ouster ever attempted by her.

There is no evidence in the record to show that the defendants ever exercised any right of ownership in relation to the land involved herein after the year 1935, or paid any taxes on same. To the contrary, the evidence in the record shows that the plaintiff, under the resale tax deed, occupied and used the land openly, notoriously and continuously, paid the taxes thereon, and otherwise exercised the rights of ownership for a period of more than five years from the date of the recording of the resale tax deed.

Having fully examined the record, we are of the opinion that the plaintiff's claim of title by adverse possession for a period of more than five years. from the recording of the resale tax deed is amply sustained by the evidence, and that the judgment of the trial court is not against the clear weight of the evidence.

The judgment is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed and approved by Commissioners James H. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in Conference the foregoing opinion was adopted by the Court.