Harry James COLLINS, Plaintiff in Error,
v.
Dema E. SMITH, Administratrix of the Estate of Wesley M. Smith, Deceased, Defendant in Error.

No. 39275.

Supreme Court of Oklahoma.
May 29, 1962.
Rehearing Denied June 26, 1962.

F. D. Adams, A. G. Croninger, Miami, for plaintiff in error.

Robert E. Nesbitt, Nesbitt & Nesbitt, Bryce Ballinger, Miami, for defendant in error.

PER CURIAM.

The plaintiff in Error, Harry James Collins, hereafter referred to as plaintiff, filed this action against the defendant in error, Dema E. Smith, Administratrix of the es-

tate of Wesley M. Smith, hereinafter referred to as defendant, to quiet title to 142 acres of land in Ottawa County, Oklahoma.

The plaintiff was the holder of the record title at the time the land was sold at resale to Ottawa County for delinquent taxes June 1, 1942. On August 3, 1942, a county commissioners' deed was executed and delivered to Wesley M. Smith, defendant's intestate, which was duly recorded April 24, 1945.

This county commissioners' deed is admittedly valid, and no contention to the contrary is presented in this record. Subsequent to the acquirement of his tax deed, defendant's intestate paid all of the ad valorem taxes upon said property to and including 1959, the year in which this litigation was begun.

Plaintiff contends that Wesley M. Smith failed to take possession of the land acquired by his tax deed within the statutory period, and that during all of such time plaintiff was in the exclusive possession of said land. In disposing of this contention it is necessary to analyze the evidence before the court.

Ann Collins, mother of plaintiff, was the original allottee of this land. After removal of restrictions thereon, she conveyed the land to her daughter, Juanita Collins, who later deeded it to her brother, the plaintiff. Ann Collins, the mother, continued to live on the land and continued to lease the surface. The ad valorem taxes were permitted to become delinquent as stated above. After the purchase of said land by Wesley M. Smith, he advised Ann Collins of the purchase and informed her that he would sell it back to her upon payment of his investment therein. The money was never paid.

Several leases were executed thereafter, some of which were in the name of Ann Collins, and others were in the names of Ann Collins and plaintiff, and still others in the names of Ann Collins and Wesley Smith. The plaintiff alleged in his petition that Smith received rentals from said property in the amount of $1,054.71, and that he

had paid all the ad valorem taxes upon said property subsequent to his purchase in the sum of $1,046.94. He had paid $557.75 for his original commissioners' deed. The evidence supports these allegations.

During the entire period involved herein the plaintiff was in Colorado, except for occasional visits to his mother. He was not her grantee in the deed to the land in question, having received his title from his sister, Juanita Collins.

■ Under the above state of facts, the law applicable thereto is as follows. When the county commissioners' deed (admittedly valid) was issued to Smith, the valid title vested in him forthwith. The constructive possession, in the absence of actual possession, follows the valid title.

In Morton v. Van Orsdol, 203 Okl. 394, 222 P.2d 520, the court quoted with approval from Keller v. Hawk, 19 Okl. 407, 91 P. 778, as follows:

"'* * * A void deed cannot draw after it, nor to it, the constructive possession of the property although the property may be vacant and unoccupied. Then why should the original owner commence any action to test validity of the tax deed? He need not commence an action for the recovery of his property for he is already in the constructive if not in the actual possession thereof, and his title is as good as it ever was.'"

See also Levindale Lead & Zinc Mining Co. v. Fluke, 48 Okl. 480, 150 P. 481 and McGrath v. Eichoff, 187 Okl. 64, 100 P.2d 880.

■ Such title could only be divested by the plaintiff (without a conveyance from Smith) by holding adverse possession for the statutory period of five years.

In Lane v. Bass, 193 Okl. 682, 683, 146 P.2d 563, we said:

"An action brought by the holder of a re-sale tax deed to quiet title to *and obtain possession* of the real estate described in the deed is governed by the statute of limitation prescribed by 12

O:S.1941 § 93(3), and must be brought within two years *(now amended to five years)* after the date of the recording of the re-sale tax deed." (Emphasis ours.)

See also Kelley v. Lowder's Heirs, 206 Okl. 390, 243 P.2d 1006, and Fullerton v. Carlock, 179 Okl. 230, 65 P.2d 464.

■ In order to divest the title of Smith, which would never be divested if the land were vacant, it was necessary for the plaintiff (not the defendant) to prove adverse possession for the statutory period of five years.

"The burden is on the plaintiff to show the assertion of an adverse claim by the defendant constituting a cloud on title, *and the invalidity of such claim.*" (Emphasis ours.) 74 C.J.S. Quieting Title § 76(d), p. 121.

This court said in Kelly v. Choate, 192 Okl. 397, 136 P.2d 885, in the first paragraph of the syllabus by the court:

"The party relying on title by adverse possession has the burden of proving all the facts necessary to establish such title."

See also Arbuckle Realty Trust v. Southern Rock Asphalt Co., 189 Okl. 304, 116 P.2d 912 and Farris v. Smallwood, 204 Okl. 123, 227 P.2d 644.

Every presumption is in favor of the true owner, which in this case was Smith. See Farmers' Nat. Bank v. Gillis, 155 Okl. 290, 9 P.2d 47; Pavlovitch v. Wommack, 206 Okl. 158, 241 P.2d 1119; Wilcox v. Wickizer, Okl., 266 P.2d 638; Stern v. Franklin, Okl., 288 P.2d 412; Melton v. Goodman, Okl., 317 P.2d 244 and Norman v. Smedley, Okl., 363 P.2d 839.

■■ Under the above citations, plaintiff had the burden of proving every fact necessary to prove his adverse possession. Among these elements is that of exclusive-

ness. In the case of Howard v. Stanolind Oil & Gas Co., 197 Okl. 269, 169 P.2d 737, this court said in the body of the opinion:

"Adverse possession, in order to ripen into title, must be exclusive. 'Exclusive possession' means that the disseizor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit. Two persons cannot hold one piece of property adversely to each other at the same time, and where two persons have entered upon land, he who has the better title will be deemed to be in possession thereof. It is therefore essential that the possession of one who claims adversely should establish as an ouster of the true owner because in the absence of ouster, the title draws to itself the continuous possession of the property. Possession not amounting to disseizin is insufficient. 1 Am.Jur. 875, 876.

"Where the possession of land is mixed, the legal seisin is according to the legal title. Deputron v. Young, 134 U.S. 241, 10 S.Ct. 539, 33 L.Ed. 923."

The most that can be said for plaintiff's proof is that the possession, if he had any, was mixed or scrambled. Under the facts and circumstances in this case it could not be classed as exclusive. It is unnecessary to discuss any other elements of adverse possession which may be lacking in plaintiff's case as the absence of this one is sufficient.

The judgment of the trial court is affirmed.

WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs in result.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JACKSON, J., dissent.