Ola BYNUM, Gwendolyn Bynum Hurst, Robert Hurst, Roy Bynum, Jr., Anita Bynum Smith, Miller Allford, Dorothy Allford, Ola Bynum, Executrix of the Estate of Roy Bynum, deceased, Ola Bynum, Individually, E. C. Bynum, Executor of the Estate of Fred Bynum, deceased, E. C. Bynum, Individually, and Grace Bynum, Appellants,

v.

The LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY as Administrator of the Estate of C. S. Burgess, deceased, A. O. Urquhart, Lois Urquhart, C. E. Bowlby, Jr., Ann B. Carson, Frank D. Bowlby, and Elizabeth B. McWilliams, Appellees.

Miller ALLFORD and Dorothy Allford, Appellants,

v.

Louisa TARLOSHAW, Coweta Chisholm, Mattie Tarloshaw, George Tarloshaw, Willie Tarloshaw, Susie Tarloshaw, and Wesley Tarloshaw, Appellees.

Ola BYNUM, Executrix of the Estate of Roy Bynum, deceased, and Ola Bynum, Individually and Gwendolyn Bynum Hurst, Robert Hurst, Miller Allford, and Dorothy Allford, Appellants,

v.

Ella BARNETT, now King, Appellee.

BOARD OF COUNTY COMMISSIONERS OF PITTSBURG COUNTY, OKLA-HOMA, Appellant,

v.

Ola BYNUM, Individually, Ola Bynum, Executrix of the Estate of Roy V. Bynum, E. C. Bynum, Executor of the Estate of Fred E. Bynum, Roy Bynum, Jr., E. C. Bynum, Grace Bynum, Individually, Gwendolyn Bynum Hurst, and Robert Hurst, Appellees.

Nos. 7568–7570, 7600.

United States Court of Appeals
Tenth Circuit.

Nov. 24, 1964.

Walter J. Arnote, McAlester, Okl. (David K. Petty and Arnote, Bratton & Allford, McAlester, Okl., were with him on the brief), for appellants in No.

7568, 7569 and 7570, and for appellees in No. 7600.

Val R. Miller and Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., submitted on brief for appellee Liberty National Bank and Trust Co. of Oklahoma City, Administrator of the Estate of C. S. Burgess, Deceased, in No. 7568.

Richard L. Gossett and Stipe, Gossett & Stipe, McAlester, Okl., submitted on brief for appellees A. O. Urquhart and Lois Urquhart in No. 7568.

No appearance for other appellees in No. 7568.

Helen A. Adair, Muskogee, Okl. (Harold R. Shoemake, Field Solicitor, Department of Interior, was with her on the brief), for appellees in No. 7569 and 7570.

J. Edwin Carman, Coal Gate, Okl. (Richard Penix, McAlester, Okl., was with him on the brief), for appellant in No. 7600.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

■ These four consolidated appeals grow out of condemnation proceedings to acquire land for the Eufala Dam and Reservoir project in Oklahoma. In each case title was contested and determined but no award of compensation was made. In Nos. 7568, 7569, and 7570 the trial court entered appropriate orders under Rule 54(b), F.R.Civ.P., to permit the appeals. No such order was made in No. 7600, which relates to tract No. 6004. Accordingly we have no appealable order in No. 7600 and that appeal must be dismissed without prejudice to an appeal after the entry of a final judgment pertaining to tract No. 6004.

Nos. 7568, 7569, and 7570 relate collectively to tracts Nos. 6007, 6008, 6009, and 6011, herein referred to as the disputed tracts. Each appellee, or group of appellees, has record title to one of these tracts. The Bynum group of appellants has record title to tracts Nos. 6003, 6069, and 6071; and the Allford group of appellants has similar title to tract No. 6002. The Bynums and Allfords claim title to the disputed tracts by adverse possession and accretion. The trial court held against them and they appeal.

The lands lie in or near the South Canadian River, a meandering, nonnavigable stream with a fluctuating channel. The disputed tracts are north of the Bynums' tract No. 6002 and the Allfords' tract No. 6003 but are not contiguous thereto. Between tract No. 6003 and the disputed tracts is tract No. 6006 and an area which is not designated by any tract number. A continuation of this undesignated area separates tract No. 6002 from the disputed tracts. The Bynum and Allford tracts are south of the river. The disputed tracts, at various times, have been partly north of the river, partly in the river bed, and partly south of the river.

Sometime in the period 1941–1944 an unusual flood occurred and the channel of the river moved to the north. The evidence does not show the location of the channel before the flood. Nothing in the record established that the river ever bounded or flowed over either of the Bynum or Allford tracts Nos. 6002 and 6003. Since the flood the channel has fluctuated and to some extent moved back towards the south; but no dramatic or sudden shifting of the channel has occurred since 1944.

Bynum tract No. 6003 adjoins, and is west of, Allford tract No. 6002. Witnesses testified that fences along the east line of tract No. 6002, the common line of tracts Nos. 6002 and 6003, and the west line of tract No. 6003 ran from the southern boundary of those tracts "north to the river" for longer than the statutory period and that the Bynums and Allfords, their predecessors in title and tenants, occupied and claimed the area beyond their fee tracts "north to the river" for more than the same period. Neither the Bynums nor the Allfords presented any specific evidence of the boundaries or acreages of the portions of the disputed tracts which they claim. The

channel of the river was specifically located only in the years 1947, 1958, and 1963.

The Bynums and Allfords say that as the river moved north they enlarged their areas of possession to encompass all land to the river banks which was within their side lines projected northerly. They emphasize two principles: first, that when land is bounded by a nonnavigable stream, the true boundary is the median line between the cut banks;[1] and, second, that the acquisition of title by adverse possession carries with it land accreted during the statutory period.[2] Neither principle has any application in this case.

No claim of ownership to the median line and no claim of accretion can be sustained on the basis of fee ownership of tracts Nos. 6002 and 6003 because the record does not show that the river ever bounded, or flowed across, either of these tracts. The claims must rely on adverse possession of the area between the fee land and the river. Additionally, the change in the channel in the early 1940's was caused by flood. In Bauman v. Choctaw-Chickasaw Nations, 10 Cir., 333 F.2d 785, 789, petition for certiorari pending, we held that rapid, easily perceived shifts of land incident to floods or channel breakthroughs were avulsion rather than accretion and did not affect title to the lands so transferred from one side of the river to the other. Whether the increase in the land on the south side of the river was due to accretion or avulsion, the case of the Bynums and Allfords rests on the claim of adverse possession.

The Oklahoma requirements for acquisition of title by adverse possession are the usual ones. Possession must be actual, open, notorious, exclusive, hostile, and continuous.[3] Adverse possession must be established by clear

and positive proof and cannot be established by inference.[4] The proof here fails to show adverse possession of any defined area either within the disputed tracts or between them and tracts Nos. 6002 and 6003 for any defined period. The sketchy testimony of fences and possession "north to the river" may give rise to inferences but inferences are not enough. The trial court held that the Bynums and Allfords had not proved adverse possession. From a reading of the record we are convinced that the findings and conclusions of the trial court are not clearly erroneous.

Nos. 7568, 7569, and 7570 are severally affirmed. In No. 7600 the appeal is dismissed.

---

1. State ex rel. Com'rs of Land Office v. Warden, 200 Okl. 613, 198 P.2d 402, 406.

2. Benne v. Miller, 149 Mo. 228, 50 S.W. 824, 827.

3. Smith v. Pettijohn (Okl.) 366 P.2d 633, 637.

4. Colson v. Hall, 206 Okl. 687, 246 P.2d 339, 340. See also Norman v. Smedley, (Okl.) 363 P.2d 839, 843.