Ella Mae **TINDLE**, Appellant,

v.

W. W. **LINVILLE** and Lula Linville,
his wife, Appellees.

No. 45305.

Supreme Court of Oklahoma.

June 12, 1973.

As Amended June 14, 1973.

Rehearing Denied July 17, 1973.

Lloyd E. Cole, Jr., Stilwell, for appellant.

Wesley Miller, Tahlequah, for appellees.

HODGES, Justice.

This is an appeal from a judgment in an action to quiet title based on adverse possession to a triangularly-shaped tract of real property consisting of approximately 2.53 acres, located in Cherokee County. The trial court rendered judgment for Ella Mae Tindle, appellant (Tindle), finding that she had established her claim of ownership to the north 113.2 feet of the property in question. The court quieted title to the remaining portion of the tract in appellees, W. W. and Lula Linville (Linvilles). Tindle appealed the judgment of the district court, but the Linvilles did not cross appeal.

The Court of Appeals reversed the trial court in part, and ordered that judgment be entered for Tindle quieting her title to the entire tract.

This action was originally filed by Tindle against W. W. Linville on June 2, 1967, alleging ownership of the 2.53 acres in dispute on the theory of adverse possession for more than fifteen years.

The case was tried on October 1, 1968, before John Q. Adams, District Judge, and judgment rendered in favor of Tindle. This judgment was vacated on June 1, 1970, because Lula Linville had not been joined as a necessary party defendant.

By mutual agreement of the parties, the case was stricken from the jury docket, and set for trial on the merits before District Judge Bill Haworth.

The Linvilles' property adjoined the triangle in dispute to the South and East of an old fence line. At the trial on the merits, W. W. Linville testified that Emma Rinks, Tindle's mother and predecessor in title had told him that the boundary line was not located on the old fence line but was much closer to the house. He asserted that it was always recognized by the parties that the fence was not located on the property line and that Emma Rinks was a permissive user. A survey by a licensed surveyor apponted by Judge Adams, became an exhibit by stipulation of counsel. The survey substantiated the fact that the boundary line was not located on the old fence line.

Tindle acquired ownership of the premises formerly occupied by Emma Rinks by virtue of a warranty deed from Emma Rinks, et al., to Ella Mae Tindle dated January 14, 1950. The disputed triangle was

not described as a part of the real property conveyed by the warranty deed.

To obtain title to property by prescription, all elements of adverse possession must be established by clear and positive proof and cannot be established by inference. Adverse possession is to be taken strictly, and every presumption is in favor of possession in subordination to the rightful owner. The burden of proof rests on the party asserting adverse possession to show the necessary elements of actual, adverse, open, notorious, peaceable, exclusive and hostile possession for a period of fifteen years. Where the evidence is conflicting it is an issue of fact to be determined by the trier of the facts. Sudheimer v. Cheatham, 443 P.2d 951, 953 (Okl.1968); Loris v. Patrick, 414 P.2d 249, 250 (Okl. 1966); Stern v. Franklin, 288 P.2d 412 (Okl.1955); Arbuckle Realty Trust v. Southern Rock Asphalt Co., 189 Okl. 304 116 P.2d 912 (1941).

When a jury is waived in a cause and it is tried to the trial court, findings of the trial court are entitled to the same weight and consideration that would be given to a verdict of a jury. A judgment based on conflicting evidence which reasonably tends to support verdict will not be disturbed on appeal. Marple v. Hinson, 470 P.2d 1001 (Okl.1970).

The trial court stated that he absolutely believed that Mr. Linville had a conversation with Granny Rinks concerning the boundary line and that he gave her permission to use the land in question.

Title by prescription cannot be based on permissive possession. Independent Sch. Dist. No. 40, Nowata County v. Allen, 446 P.2d 282, 285 (Okl.1968).

An essential element of a prescriptive title or right is that acts relied on as establishing such title or right be hostile or adverse to all others. City of Moore v. Central Oklahoma Master Conservancy Dist., 441 P.2d 452, 458 (Okl.1968).

The permissive character of original entry on land by another than the owner thereof extends to possession of those claiming under original entrant. Johnson v. Szumowicz, 63 Wyo. 211, 179 P.2d 1012, 1018 (1947), citing 2 C.J.S. Adverse Possession § 80, p. 625. As a general rule, an adverse occupant cannot tack the possession of a prior occupant to perfect title in himself where predecessor did not claim the land adversely. Claimant must take his predecessor's possession with all the infirmities attaching to it. Norman v. Smedley, 363 P.2d 839, 844 (Okl.1961).

It was uncontroverted that the Linvilles were the record title holders, and that they had paid taxes on the property since 1943. Tindle had only paid taxes on the property since the trial before Judge Adams.

Payment of taxes on land is not controlling, but is one means whereby claim of ownership is asserted. Failure to pay taxes weakens a claim of ownership by adverse possession. Kouri v. Burnett, 415 P.2d 963, 969 (Okl.1966). The Tindles had not paid taxes on the property in question until after the first trial was held.

To constitute a basis for adverse possession, entry on property must be accompanied by a claim of right, or after entry, there must be a distinct denial or repudiation of the right of a true owner or possession will be deemed to be held in subordination to rights of owner. Independent Sch. Dist. No. 40, Nowata County v. Allen, 446 P.2d p. 286, supra.

As late as March 6, 1967, Mrs. Tindle wrote to Mr. Linville and told him that, "But as I said, if it is yours I want you to have it." This in and of itself is sufficient to show a lack of holding the property in hostile possession.

This court in Independent School District No. 40, Nowata County v. Allen, 446 P.2d 282, 285 (Okl.1968) stated:

"The doctrine of prescription does not apply to cases in which possession is permissive, and title by prescription or limitation cannot be based upon a possession or use under permission or license from the owner. The possession of the occu-

pant under such circumstances is considered as the possession of him upon whose pleasure it continues. It has been said that a contrary doctrine would convert the statute of limitations into a statute for the encouragement of fraud."

 Under Oklahoma law, to establish adverse possession, claimant has burden of proving such a change in character of the possession as to preclude all doubt as to the nature of the holding or want of knowledge on part of owner. St. Louis-San Francisco Ry. Co. v. Walter, 305 F.2d 90 (C.A. 10th Cir. 1962).

Linville testified that the first notice he actually had of Tindle's claim was the filing of the lawsuit after he put up the new fence in 1967.

The evidence does not disclose, nor is any assertion made that claimant ever notified Linville of her hostile possession. Rather the parties had been content to let the matter rock along as it has when Emma Rinks was alive. The possession never became adverse or hostile. There was also some evidence that it was not continuous. Possession ceases to be effectual when it is broken, since then law restores constructive possession of owner. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619, 621 (1936).

Certiorari is granted. The judgment of the Court of Appeals is reversed. While the brief of the Linvilles complains of the judgment of the trial court which awarded the north 113.2 feet of the disputed triangle to Tindle, they did not file a cross petition on appeal. Parties who fail to appeal are deemed to acquiesce in the judgment of the trial court. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal. Simons v. Floyd, 74 Okl. 134, 177 P. 608 (1919). Therefore, the judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, and SIMMS, JJ., concur.

DOOLIN, J., dissents.