**Walter M. SEARS, Appellee,**

v.

**The STATE of Oklahoma and DEPART-
MENT OF WILDLIFE CONSERVATION
of the State of Oklahoma, Appellants.**

**No. 48724.**

Supreme Court of Oklahoma.

May 4, 1976.

Ernest R. Brown, Pryor, for appellee.

Larry Derryberry, Atty. Gen., Wm. Don Kiser, Asst. Atty. Gen., Oklahoma City, for appellants.

BERRY, Justice:

This action was instituted by appellee, Walter M. Sears, [Sears] against appellants, The State of Oklahoma and Department of Wildlife Conservation of the State of Oklahoma, [State] to quiet title to certain described property in Mayes County. The property involved is a 20 acre tract located within the Spavinaw Game Management Area, which is a wildlife refuge owned by the State.

The record reveals Sears acquired the property by deed from Howard Kenneth Miller and Stella Pauline Miller in 1934. The deed was filed of record in Mayes County in 1937.

In 1948, the State instituted action in County Court of Mayes County seeking condemnation of a large segment of land which included the 20 acre tract of Sears. Sears was adjudged to be in default and title vested in the State.

In 1952, Sears instituted action in County Court of Mayes County seeking to vacate judgment entered in favor of the State in 1948. The court found that Sears had not been notified of action filed by the State in 1948. The 1948 judgment was then vacated.

In 1972, Sears wrote a letter to Department of Wildlife requesting an easement across State's property for purpose of ingress and egress. Department of Wildlife replied that his request for an easement was denied since property had been taken by condemnation in 1948.

The present action was then instituted by Sears in 1974.

State answered denying ownership of Sears in the property and pleaded acquisition of title by adverse possession. Following trial of case to court judgment was

entered quieting title in Sears. State appeals.

State contends judgment is contrary to the evidence and law. State's claim of title is by adverse possession under 60 O.S. 1971 § 333, based on occupancy for a period sufficient to bar an action for recovery of property. 12 O.S.1971 § 93(4) limits an action for recovery of real property to 15 years.

State's evidence shows the Spavinaw Game Management Area has been operated as a wildlife refuge since 1948. In the early 1950's the outer area of the refuge was fenced. Also signs were posted designating area as a game refuge. Since 1948 a refuge supervisor has provided daily maintenance of the area. General access to area has not been permitted except by permit.

Sears testified that he has visited the property once or twice a year since 1936, and has removed trees from property. He testified also that he has had to cross a fence to get to the tract in question since 1936. Evidence showed the fence was not on the boundaries of the 20 acre tract but was some distance away. Sears testified that he was never prevented from going upon the property.

Sears further testified that he went to Mayes County Soil Conservation District in 1956 to determine best use to be made of the property. He received a report recommending the property not be disturbed but maintained in its natural state. Various photographs introduced into evidence show property to be heavily wooded.

Evidence shows that Sears has paid the taxes on property since 1952.

■ A possession to be adverse must be open, visible, continuous and exclusive, with claim of ownership such as will notify parties seeking information upon the subject that premises are not held in subordination to any title or claim of another, but against all titles and claimants. *Kimble v. Allen,* Okl., 298 P.2d 1042; *Nolte v. Sturgeon,* Okl., 376 P.2d 616.

■ What constitutes adverse possession depends on circumstances of particular case, as measured by judgment of reasonable men. Such determination in given case must largely depend on situation of parties, size and extent of land, and purpose for which it is adapted. *McGrath v. Eichhoff,* 187 Okl. 64, 100 P.2d 880; *Kouri v. Burnett,* Okl., 415 P.2d 963.

■ Payment of taxes is not controlling circumstance but is one of means whereby claim of ownership is asserted. *Anderson v. Francis,* 177 Okl. 47, 57 P.2d 619; *Cox v. Kelley,* Okl., 295 P.2d 1061; *Cox v. Sarkeys,* Okl., 304 P.2d 979; *Kouri v. Burnett,* supra.

Evidence is uncontroverted, in instant action, that Sears has paid the taxes on property since 1952. Evidence presented also tends to show that the State, as the adverse title claimant, and Sears, as record title owner, were in possession of the property at the same time. In cases of mixed possession it has been held that he who has the better title is deemed to be in possession. See *Howard v. Stanolind Oil and Gas Co.,* 197 Okl. 269, 169 P.2d 737, wherein we stated as follows:

"Adverse possession, in order to ripen into title, must be exclusive. 'Exclusive possession' means that the disseizor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit. Two persons cannot hold one piece of property adversely to each other at the same time, and where two persons have entered upon land, he who has the better title will be deemed to be in possession thereof. It is therefore essential that the possession of one who claims adversely should establish as an ouster of the true owner because in the absence of the ouster, the title draws to itself the continuous possession of the property. Possession not amounting to disseizin is insufficient."

■ To establish title by adverse possession, proof must be clear and positive on constituent elements of actual, open, noto-

rious, exclusive and hostile possession for statutory period. *Colson v. Hall,* 206 Okl. 687, 246 P.2d 339; *Kouri v. Burnett,* supra.

 The doctrine of adverse possession is to be taken strictly and is not to be made out by inference, but by clear and positive proof and every presumption is in favor of possession in subordination to title of true owner. *Flesher v. Callahan,* 32 Okl. 283, 122 P. 489; *Honeyman v. Andrew,* 124 Okl. 18, 253 P. 489; *Kimble v. Allen,* supra.

We conclude trial court did not err in holding the State's evidence failed to establish title by adverse possession.

Next, State contends trial court erred in failing to apply doctrine of laches against Sears.

Laches is delay that is unreasonable and inexcusable under circumstances shown, and is not mere delay or lapse of time, but is delay that works disadvantage to another than party guilty thereof. *Carnes v. Thomas,* Okl., 280 P.2d 474.

State argues that disadvantage to it is that value of property has escalated over the years.

In *Jones v. McNabb,* 184 Okl. 9, 84 P.2d 429, action was brought to quiet title to property to which defendants had acquired a void tax deed. Defendants contended plaintiff's predecessor had paid no taxes, and value of property had increased from $250 to nearly $2,400 due to oil development in vicinity. It was noted defendants did not claim to have taken possession of property or to have made improvements thereon. In refusing to apply doctrine of laches we cited Cooley's Taxation, 4th Ed., § 1509:

"There is no laches merely because of a failure to pay taxes and because the land has enhanced in value."

In present case, while State does claim to have taken actual possession of the property no evidence was offered to show improvements had been made there-

on. The mere fact that property has increased in value is not sufficient to justify application of doctrine of laches under circumstances herein. See *Phelan v. Roberts,* 182 Okl. 202, 77 P.2d 9.

In a cause of equitable cognizance, where trial court had before it all pleadings and evidence and upon hearing determined all views of fact and law, Supreme Court, on appeal will weigh evidence, but will not reverse judgment on facts, unless it is against clear weight of the evidence. *James v. Union Graded School Dist. No. 2,* 201 Okl. 573, 207 P.2d 241; *Kouri v. Burnett,* supra.

Having fully examined the record, we conclude judgment of trial court is not against clear weight of the evidence.

Judgment affirmed.

All Justices concur.