## GENTRY et al. v. McCURRY et al.

No. 17951.   Opinion Filed Dec. 18, 1928.

Wilson, Murphey & Duncan, for plaintiffs in error.

Humphrey & Spence, Grinstead, Scott, Hamilton & Gross, Leo Considine, and Robert Stuart, for defendants in error.

HEFNER, J. Bluford M. Gentry and others brought suit in ejectment against J. A. McCurry and others in the district court of Osage county to recover possession of the southwest quarter of the southeast quarter of section 26, township 26, range 5, on which property is situated the Fronkier Highland addition to the town of Burbank.

The land was allotted to Blanche L. Fronkier, and in 1910 it was sold by her guardian; the deed was approved by the Secretary of the Interior. It is under this deed that the defendants claim title. Several years after the guardian's sale, the allottee died, and the county court of Osage county, upon a proper hearing, entered its decree declaring Bluford M. Gentry, Bluford M. Gentry, Jr., and Joe Ella Gentry to be the so'e surviving heirs of the allottee. These three heirs are the plaintiffs in this case. When the case came on for hearing the plaintiffs introduced the allotment patent and the decree of heirship and rested. The trial court sustained a demurrer to the testimony of the plaintiffs on the theory that they failed to make out a prima facie case. and without considering the question of the validity of the chain of title under which the defendants claim and under which they hold possession. From the judgment in favor of the defendants, the plaintiffs prosecute this appeal.

Under our practice, in an ejectment action the plaintiffs concede that it is necessary to allege and prove: (1) Title of the plaintiffs; (2) present right of possession of the plaintiffs; (3) unlawful possession of the defendants. Certain of the defendants below did not file answers, and, as to the defaulting defendants, the plaintiffs concede no case in ejectment was made against any of them because their possession was not shown to be wrongful. The defendants in error here all filed answers and denied the title of the plaintiffs. The plaintiffs contend that when the defendants denied the title of the plaintiffs, they were relieved thereby from proving that they were entitled to the possession of land at the time the suit was filed and that the defendants were in unlawful possession of the property.

This contention is based primarily upon section 468, C. O. S. 1921, a portion of which is as follows:

"Answer. It shall be sufficient in such action. if the defendant in his answer deny, generally, the title alleged in the petition, or that he withholds the possession as the case may be, but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted."

Before the plaintiffs could establish a prima facie case, it was necessary for them to show three things: (1) Title in themselves; (2) present right of possession; (3) unlawful possession of the defendants.

In 9 Ruling Case Law, 843, it is said:

"It is well established that if the plaintiff in an action of ejectment or in the nature thereof relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims."

When the plaintiffs introduced the patent, proved the death of the patentee or allottee, and that they were the legal heirs of the patentee, they met the requirement of the law that they must show title in themselves.

The next question that arises is, Did the plaintiff show a right of possession? In the case of Brunswick Land Corporation v. Perkinson et ux.. 132 S. E. 853, the Special Court of Appeals of Virginia said:

"The prior peaceful possession by plaintiff in ejectment. or those under whom he holds. claiming to be owner in fee, if proved, is sufficient prima facie evidence of owner-

ship and seisin to authorize recovery, unless defendant shows a better title in himself or another."

When a grant from the government is introduced, as was done in this case, no further proof of possession is required, because plaintiffs connected their chain of title with the sovereignty of the soil, and it is elementary that the state originally had possession. It is when a chain of title does not connect with a grant from the sovereignty of the soil that possession in one of the grantors in the chain must be shown.

The title herein emanates from the government, and the right of possession necessarily goes therewith and, the right of possession being once shown, the presumption of law is that the title and the right of possession remain in the same person, or his successors in title, until the contrary is shown.

The remaining question to be determined is, Did the plaintiffs show the unlawful possession of the defendants? In the case of Tancred v. Holuby, 124 Okla. 97, 254 Pac. 75, this court in the body of the opinion said:

"It is argued that if this action is to be treated as an ejectment suit, then it is necessary for the plaintiffs to have shown possession in the defendants, which they failed to do.

"This contention is not sustained. The action brought by plaintiffs was in ejectment to recover possession of their portion of the real property involved herein, and with such action was joined an action to quiet their title thereto as provided by section 466, C. O. S. 1921.

"Proof that the defendants were in possession was unnecessary by reason of the nature of the answers filed. Both defendants denied the title of the plaintiffs in their answers. Section 468, C. O. S. 1921, governing the answers in ejectment actions, reads as follows: 'It shall be sufficient in such action, if the defendant in his answer deny, generally, the title alleged in the petition, or that he withholds the possession, as the case may be, but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted. * * *'

"The evidence of the plaintiffs in their case in chief shows that the allottee, John Gambler, died in 1915, leaving a wife, Lena Gambler, and only one child, Billy Gambler, and that an undivided one-third interest only in and to said land each had been conveyed. We conclude that the evidence on the part of the plaintiffs in chief was sufficient to make out every essential to the plaintiffs' case."

When the defendants filed an answer denying the title of the plaintiffs, proof that they were in wrongful possession was unnecessary by reason of the provisions of the above statute and the construction placed thereon in the above case. In follows that the plaintiffs met the third requirement, and as against a demurrer to the evidence, they are entitled to recover.

The judgment of the trial court in sustaining the demurrer to the plaintiffs' evidence was erroneous, and the judgment should be reversed, with directions to overrule the demurrer and permit the defendants, if they so desire, to offer testimony in their behalf.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, and RILEY, JJ., concur.