COOK et al. v. HAMMETT.

No. 30597. March 23, 1943.

*135 P. 2d 962.*

A. C. Markley, of McAlester, for plaintiffs in error.

Hazen Green, of Eufaula, for defendants in error.

RILEY, J. Defendant in error, hereinafter referred to as plaintiff, claiming title by virtue of a deed from the county commissioners, commenced this action against plaintiffs in error in ejectment, for rents, profits, and damages and to quiet title to land described in McIntosh county, Okla.

In a first cause of action for ejectment plaintiff alleged his title by deed from McIntosh county, a copy of which deed was attached to his petition. In a second cause of action to quiet title plaintiff alleged ownership in fee-simple title of the land, setting forth the land was sold for taxes to McIntosh county, Okla.; that the same was not redeemed, and after the elapse of two years the land was sold to the county at the resale held in said county in the month of May, 1940, and a deed therefor was issued in the manner prescribed by law. A copy of that deed was attached to the petition. Plaintiff then alleged that he became the purchaser of said land from the county of McIntosh, State of Oklahoma, and that pursuant to said sale the board of county commissioners of McIntosh county, Okla., executed to the plaintiff a proper deed to said land.

Defendant A. C. Markley, in his own behalf and in behalf of his codefendant, Curtis Cook, his tenant, answered and specifically denied the validity of the tax deed and tax proceeding and alleged that tax resale notice published by said county in April, 1940, was insufficient.

At the trial plaintiff offered in evidence the county treasurer's transcript of proceedings on sale of the land acquired at resale and the original deed from the board of county commissioners to plaintiff. Plaintiff introduced his evidence, going to the alleged rental value of the property for the year 1940, but did not introduce in evidence the resale deed to the county. Defendant demurred to the evidence of plaintiff, and introduced in evidence the proceedings of the county treasurer in connection with the sale and resale of said property. Judgment was for plaintiff for possession of the property, quieting his title, and for rent for the year 1940 in the sum of $10, and defendant appeals.

It is contended for reversal that the court erred in overruling defendant's demurrer to plaintiff's evidence.

Section 1142, Title 12, O. S. 1941, provides:

"In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

In Gentry et al. v. McCurry et al., 134 Okla. 182, 273 P. 222, it is said:

"Under our practice, in an ejectment action it is necessary to allege and prove: (1) Title of plaintiff; (2) present right of possession in plaintiff; (3) wrongful possession of defendant."

—and:

"In an ejectment action it is well established that if the plaintiff relies upon a record title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims."

The general rule appears to be that if plaintiff relies entirely on paper or documentary title from the government, he has the burden of tracing such title back to the sovereign. 28 C. J. S. § 81, p. 953.

In this case it was necessary that plaintiff trace his title back to the county and no further.

Plaintiff's deed from the county is regular in form. It contains recitals showing compliance with the law with reference to sale of land acquired by the county at tax resale. In addition, it recites that McIntosh county acquired title to the land therein described for delinquent taxes in full compliance with the assessment, levy, sale and resale laws.

The general rule is that recitals in a deed are prima facie evidence of the existence of the facts recited. 18 C. J. 264-265; Cleveland et al. v. Bateman, 21 N. M. 675, 158 P. 648; Carico v. Kling, 11 Colo. A. 349, 53 P. 390; Savings & Loan Soc. v. Deering et al., 66 Cal. 281, 5 P. 353.

We have frequently held that a resale tax deed by the county treasurer to the county creates a new or virgin title. Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634. No evidence, aside from the deed from the county to the plaintiff, and the recitals therein, was necessary in order to make a prima facie case showing plaintiff's title and right of possession. There was no error in overruling the demurrer to plaintiff's evidence.

Defendants contend that the resale to the county was void because the notice of resale was insufficient. The resale to the county was under the provisions of article 31, ch. 66, Session Laws 1939 (sections 432 to 432p, 68 O. S. 1941).

The notice as published was introduced in evidence and shows that the notice contained a description of the real estate to be sold, the name of the owner as shown by the tax rolls, the time and place of sale, a statement of the date on which said real estate was sold to the county for delinquent taxes, the years for which taxes had been assessed, but remained unpaid and that the same had not been redeemed for a period of two years from the date of the sale, and the total amount of the delinquent taxes, costs, penalties, and interest accrued, due and unpaid, and that said land would be sold to the highest bidder for cash. That is all the law requires.

Defendant contends that the amount for which the land was sold at the original sale should have been stated in the notice. Such is not the law. Section 3 of the above article (section 432b, 68 O. S. 1941) provides:

"It shall not be necessary to set forth the amount of taxes, penalties, interest and costs accrued each year separately but it shall be sufficient to publish the total amount of all due and unpaid taxes, penalties, interest and costs."

Mere irregularity in the notice, if any, is not sufficient to defeat a resale deed to the county under section 9 of the 1939 Resale Act (section 432h, 68 O. S. 1941).

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, J.J., concur. OSBORN, J., absent.