**C. C. HALE, Plaintiff in Error,**

v.

**R. G. HALL and John Lewis McGuire, Defendants in Error.**

**No. 40189.**

Supreme Court of Oklahoma.

July 9, 1963.

Earl E. LeVally, Healdton, for plaintiff in error.

Marvin Shilling, Ardmore, for defendants in error.

DAVISON, Justice.

This is an appeal by C. C. Hale (plaintiff below) from an order of the lower court sustaining the demurrers of R. G. Hall and John Lewis McGuire (defendants below) to plaintiff's amended petition. Plaintiff elected not to amend said petition and the court thereupon dismissed the same. The parties will be referred to by name or as they appeared in the lower court.

Plaintiff's amended petition alleged four causes of action against the defendants.

The first cause of action alleged plaintiff was the owner of certain real estate in Wilson, Oklahoma, by inheritance from his father and purchase of his brothers' inherited interests, and that defendants claimed some interest therein, which as to Hall was a claim of ownership, and as to McGuire was a claim of vendor's lien, and prayed that the title be quieted in plaintiff. The second cause of action was in ejectment for removal of the defendants from possession of the property. The third cause of action was for recovery of the reasonable rental value of the property for the time the possession of the property was wrongfully withheld from plaintiff. The fourth cause of action alleged a scheme by Hall to deprive plaintiff of the property, stating:

"* * * that the manner of said scheme was to obtain an appearance of ownership in an interest in said land and to cause partition of said land and an election thereunder by Hall to take to be had without plaintiff having actual knowledge of such acts and at such time that said Hall knew plaintiff to be outside the State of Oklahoma; that said Hall was well and truly acquainted with plaintiff during the whole of said period and knew his address to be out of the State of Oklahoma; * * *.",

and prayed for judgment for $5,000.00 punitive damages against Hall.

Defendants' demurrers were on the grounds that there was another action pending between the same parties for the same cause and that the amended petition and its several causes of action did not state a cause of action.

Defendants urge in support of the order of the lower court that the action, or an essential part thereof, was for recovery of real property and being an ejectment action the plaintiff was required to allege and deraign his chain of title. In this respect the amended petition does not contain any allegation of ownership or title, except as above related, and no exhibits are attached to it.

Title 12 O.S.1961 § 1141, provides for an action by a person in possession to determine any adverse estate or interest in real property and the joinder thereof with an action to recover possession by any person not in possession.

Title 12 O.S.1961 § 1142, states:

"In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

▆▆▆▆ The first cause of action seeks to quiet title against the defendants and the second cause of action alleges defendants are wrongfully in possession and seeks to eject them from such wrongful possession. In Murray v. Link Oil Company, Okl., 353 P.2d 1111, the plaintiff's action was one to quiet title and for possession and in construing Section 1141, supra, we stated that under our prior decisions an action to quiet title by one out of possession would not lie unless joined with an action to recover possession (as authorized by Section 1142). We further stated in the cited case as follows:

"In considering the allegations necessary in a possessory or ejectment action in Cook v. Hammett, 192 Okl. 298, 135 P.2d 962, 963, we held:

"'In an ejectment action, if the plaintiff relies upon a record title, he must show a regular chain of title from the Government, or from some grantor in possession, or from a common source from which each of the litigants claims.'"

See also, Hodges v. Paschal, 195 Okl. 560, 159 P.2d 715.

As shown above and from our examination of the amended petition as a whole we fail to find any compliance with the above rule of law requiring plaintiff in an action of this nature to deraign his title. The mere statement that plaintiff's title was acquired by inheritance from his father and by pur-

chase of his brothers' inherited interests is not sufficient.

Plaintiff relies upon our decisions holding that as against a demurrer a petition must be liberally construed and its allegations taken as true and admitted, and if any fact stated entitles plaintiff to any relief, the demurrer should be overruled. Citing May v. City Nat. Bank & Trust Co., Okl., 258 P.2d 945, and other cases. Plaintiff urges each of the causes of action states facts entitling him to relief. The amended petition does not sustain this contention. As above shown the first cause of action to quiet title will not lie without joinder of an action to recover possession, and the second cause of action to recover possession or for ejectment is defective, in that it fails to deraign plaintiff's title. The third and fourth causes of action are for damages and recovery thereof depends on the validity of the first two causes of action which are defective for insufficiency of allegations.

In Boepple v. Estill, 174 Okl. 106, 50 P.2d 182, we held:

"In this jurisdiction it is essential that a plaintiff in an ejectment action allege and prove: (1) His title; (2) his right of possession; and (3) wrongful possession of defendant. Gentry et al. v. McCurry et al., 134 Okl. 182, 273 P. 222. * * *"

It is our conclusion that the defendants' demurrers were properly sustained for the reason explained above.

It is not necessary and we express no opinion as to whether or not the demurrers were properly sustained on the further ground that there was another action pending between the same parties for the same cause. 12 O.S.1961 § 267(3). The demurrers, amended petition and record do not furnish sufficient allegations or information to support the conclusion that this situation did exist.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON. WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.