GREAT WESTERN MOTOR LINES, INC., a Corporation, Marine Office of America, a Corporation, Substituted Party Plaintiff, Plaintiffs in Error,

v.

L. C. COZARD, Defendant in Error.

No. 41473.

Supreme Court of Oklahoma.

July 12, 1966.

Henry F. Featherly, Oklahoma City, for plaintiffs in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Tom D. Capshaw, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

Appeal by plaintiffs in error from adverse verdict and judgment in the District Court of Pontotoc County. Great Western Motor Lines, Inc., a corporation, will be referred to as plaintiff and Marine Office of America, a corporation, will be referred to as substitute plaintiff. L. C. Cozad, defendant in error, will be referred to as defendant, in the same manner as they appeared below.

The action was originally brought by plaintiff to recover damages for the loss of a cargo of liquid chemicals as the result of an accident near Allen, Oklahoma. Defendant answered, denying negligence, asserting contributory negligence, and unavoidable accident. Defendant also filed an amended answer, re-pleading contributory negligence, avoidable accident, and also alleging that the plaintiff was not the real party in interest. Plaintiff then filed its amendment to petition, alleging not only the loss of the cargo, but also damages to its tractor and tank-trailer.

At the conclusion of the plaintiff's evidence, the trial court sustained defendant's special demurrer on the ground that plaintiff was not the real party in interest, and permitted the substitution of Marine Office of America, the insurance carrier that reimbursed plaintiff for its cargo loss, as party plaintiff, and the trial continued with the parties thus re-aligned. After jury verdict for defendant, both plaintiff and substitute plaintiff appeal.

Plaintiff and substitute plaintiff assert that the trial court erred in holding that the plaintiff was not the real party in interest, and that error was also committed when the trial court instructed the jury on unavoidable accident.

A summary of the evidence is as follows: On the afternoon of February 11, 1964, plaintiff's tractor and tank-trailer, carrying a load of liquid chemicals, was being driven from Ardmore, Oklahoma to Kiefer, Oklahoma. Near Allen, Oklahoma, on State Highway No. 12, a hard-surfaced road, as the tractor and tank-trailer approached a combination service station, grocery store and welding shop, operated by a Mr. and Mrs. Raney, a cattle truck, operated by the defendant, pulled out from the service station onto the highway, in front of the plaintiff's vehicle. To avoid a collision, according to plaintiff's driver, plaintiff's vehicle was driven to the right side of the roadway, off onto the shoulder, and overturned in the ditch. The two vehicles did not touch or come into contact with each other, but plaintiff's vehicle came up even with the right side of defendant's truck as it was on the shoulder and in the process of overturning. The load of liquid chemicals carried by the tank-trailer of plaintiff was spilled in the upset and was lost, and both the tractor and tank-trailer were damaged. The evidence was conflicting as to the speed of plaintiff's vehicle as it approached the service station, whether defendant stopped his truck before turning onto the roadway, and as to whether plaintiff's vehicle sounded its horn as defendant's truck pulled out onto the roadway. The president of plaintiff testified as to the damages to the tractor and tank-trailer. His testimony was that the cost of repairing the tractor was around One Thousand One Hundred Dollars ($1,100.00) and he was unable to specifically designate the exact amounts paid for the specific parts that were repaired. He also testified that he had obtained a bid with respect to repairing

the tank-trailer, that it was in the amount of $3,285.45, but that the trailer had not been repaired, that in his opinion that it was not repairable, that it was a total loss, that it was worth about $4,000.00 before the accident and about $500.00 in salvage value after the accident. That he did spend $41.00 in cash at the scene of the accident in having some welding done on the tractor and tank-trailer. Plaintiff was allowed to amend its petition to conform to the proof that showed the tank-trailer to be a total loss. The trial court sustained defendant's demurrer with respect to the damages pertaining to the tractor and tank-trailer, and after it was stipulated that the insurance carrier for plaintiff, Marine Office of America, a corporation, had reimbursed plaintiff for the loss of the liquid chemicals the court sustained the special demurrer of defendant to the effect that the plaintiff was not the real party in interest and permitted the insurance carrier to be made party plaintiff, removing from the jury's consideration all claims theretofore espoused by the original plaintiff with respect to the damages to its tractor and trailer. At the conclusion of all the evidence, the jury returned its verdict in favor of the defendant.

Plaintiff maintains that even though it admitted that it had been reimbursed by its insurance carrier for the loss of the cargo, that it had not yet been paid for its damages to its tractor and trailer, and that it was entitled to pursue its claim for these items against the defendant.

A careful review of the testimony of the president of plaintiff pertaining to repairs of the tractor and trailer indicates that it was vague and highly speculative in nature. He used language containing the words "around" and "about" in fixing the amount of the repairs in dollars and cents. No bills, receipts or invoices were offered to show the exact amount of the repairs required on the tractor. No reason was given for their non-production. A repair bid was offered with respect to the tank-trailer, but the witnesses then testified that the tank-trailer was not repairable, and had in fact, not

been repaired, but was a total loss, with some salvage value remaining in it.

We agree with the trial court that the evidence of plaintiff with respect to the damages to its vehicle was vague. Damages, to be recoverable, must be susceptible of ascertainment in some manner other than by mere speculation, conjecture or surmise, and by reference to some definite standard. See 15 Am.Jur. at Page 415; also Spaulding Mfg. Co. v. Holiday, 32 Okl. 823, 124 P. 35. Here, the amount of repairs and expense incurred therefor could have easily been shown by copies of bills, receipts, paid invoices, or even by cancelled checks. Documents of this nature would have been the best evidence of the cost of repairs, and the most satisfactory evidence to prove these particular amounts of damage.

Title 12, Okla.Stat.1961, Sec. 221 provides that every action must be prosecuted in the name of the real party in interest. When the issue of plaintiff's damages to its vehicle is removed from the case, and when plaintiff stipulated that it had been paid in full for its cargo loss by its insurance carrier, plaintiff was no longer the real party in interest, and under the rule laid down in McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443, plaintiff's insurance carrier then became the real party in interest.

Title 12, Okla.Stat.1961, Sec. 235, provides in part:

"* * * In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This was the procedure followed by the trial court. From the record it would appear that the attorney for the plaintiff also represented the substitute plaintiff, and he made no objection to the continuation of the trial with the substitute plaintiff, but, in fact, desired to proceed in that manner to save the time of another trial.

 We therefore hold that the trial court was correct in sustaining the special demurrer of the defendant, and in continuing the trial with the substitute plaintiff.

As stated before, there is conflicting evidence in the record as to the occurrence of the accident. There is testimony in the case, reasonably tending to prove, on behalf of the plaintiff and substitute plaintiff, that defendant failed to stop before he pulled onto the highway, that he failed to keep to a proper lookout and that he failed to yield the right of way to plaintiff's vehicle, and also that he failed to hear or to heed the sound of plaintiff's horn. On the other hand, there is evidence on behalf of the defendant which would reasonably tend to prove that defendant did stop his truck and look both ways before driving onto the highway, that plaintiff's vehicle was being driven at an excessive rate of speed for the conditions then existing, that plaintiff's truck could have been stopped without overturning if it had remained on the hard surface, where the traction was better, and that the driver of plaintiff's vehicle failed to sound his horn.

 From the summary above given, there appears to be no factor or circumstance in this accident to suggest that it occurred in any manner other than by the intentional conduct of the drivers of the respective vehicles, or that it could have been prevented by either driver. This is not to say that their actions were or were not negligent. As stated in Hayward v. Ginn, Okl., 306 P.2d 320:

"Unlike negligence, the issue of unavoidable accident depends on the introduction of evidence showing some factor over which the parties had no control, or could not, except by the exercise of exceptional foresight, have predicted."

In the case at hand, no latent defect in either vehicle is pleaded or proven, nor is there any evidence that some unforseen or unanticipated factor produced the actions of the drivers. We therefore hold that there was no legal basis for the giving of the instruction on unavoidable accident.

 However, as in Hayward v. Ginn, above cited, we find that the giving of this instruction to be harmless error. Under 12 Okla.Stat.1961, Sec. 78, we may not reverse the judgment of a trial court unless we can say from an examination of the entire record that such error resulted in a miscarriage of justice, or that the complaining party has been deprived of his constitutional rights. From this record, we are of the opinion that the jury must have been so impressed with the fact that the plaintiff was chargeable with contributory negligence, that no recovery would have been allowed had the court not incorrectly instructed the jury on the issue of avoidable accident. We cannot say that the instruction resulted in a miscarriage of justice. Morris v. White, 177 Okl. 489, 60 P.2d 1031; Hayward v. Ginn, Okl., 306 P.2d 320.

The judgment is affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY, and HODGES, JJ., concur.