Kenneth SHANKS, Appellee,

v.

The following named persons, if living: Robert V. COLLINS, Henry Spangler, Harry A. Meshler, W.G. Blake, Ellen M. Boley, S.F. Boley, Ed B. Williams, Jr., C.W. Powell, George E. Shepherd, J.D. Anthony, if living, or if either of said persons be dead, then their unknown successors, if any: Empire Gas & Fuel Co., a Delaware Corporation, if existing, or if dissolved its unknown successors; The State of Oklahoma, ex rel., Oklahoma Tax Commission, Appellants.

No. 67628.

Supreme Court of Oklahoma.

July 18, 1989.

Rehearing Denied Dec. 12, 1989.

Don Pearson, Muskogee, for appellee.

J.D. Anthony, Gore, appellant, pro se.

SIMMS, Justice:

This appeal arises from a quiet title action wherein appellee, Shanks, brought suit against appellant, Anthony, and others to quiet title to certain real property he received by testamentary devise: Lot 4 (SW¼ SW¼) of Section 19, Township 13 North,

Range 21 East I.M., Sequoyah County, Oklahoma. The State of Oklahoma ex.rel., The Oklahoma Tax Commission, filed a disclaimer to the property and was discharged from the action. All other defendants below, except appellant (Anthony) failed to appear and default judgment was entered against them accordingly. This appellant, as sole defendant appearing before the trial court, counter-claimed against appellee's petition, alleging superior title to the property in question through adverse possession.

The district court concluded that appellee had shown legal title and that appellant failed to show all necessary elements to perfect title by prescription and quieted title in favor of Shanks. Anthony appealed.

The Oklahoma Court of Appeals, Div. II, reversed, finding that the trial court erred in ruling that Anthony had not shown continuous possession of the subject property for the statutory period. That court remanded the case to the district court with instructions to enter judgment for Anthony, appellant herein. We granted appellee's petiton for certiorari and now vacate the opinion of the Court of Appeals and affirm the judgment of the District Court.

### I.

Appellant Anthony is the undisputed owner of 60 acres of land adjoining the parcel of land at issue. The Anthony property lies in Muskogee County. The county line is the east boundary of the Anthony property and is the west boundary of the disputed forty-acre parcel, which is located in Sequoyah County.

Appellant testified that he has been using the property in question for approximately twenty (20) years to pasture his cattle. Neighboring landowners on two sides constructed fences separating the parcel in question from their land, and appellant has built fences on the remaining two sides during the course of his use. The testimony further showed that appellant posted the land against trespass and that neighbors seeking to hunt on the property sought appellant's permission before entering.

Anthony testified that he had, on a number of occasions, checked the tax records himself to determine who was paying taxes on the property in the hope that he would be able to acquire the property through a tax sale. He testified that his "claim of right" was grounded in his belief that since no one was openly using the land, it was his right to lay claim to the property. He denied, however, ever making an offer to purchase or trade for the property and presented witnesses who testified that Anthony had been claiming exclusive possession of the property since 1968.

Appellee, Shanks, introduced evidence showing that he received title by testamentary devise from Juanita Moore. Shanks' evidence showed the following chain of ownership.

In 1910, one Henry Spangler owned fee simple title to the subject property as reflected by a deed of record in Sequoyah County. Spangler is the last "record" owner in the true sense of that phrase, since the last document of title in the county records is the deed where he is designated as grantee. The County tax records show that Henry Spangler paid taxes on the property until 1914, when Ellen Spangler began paying the property tax.

In 1916, one Sam Boley appears in the tax rolls as the person who paid the property taxes. Boley continued paying until 1929, when the records show taxes paid by "Ellen Boley & heirs". Ellen Boley then paid the taxes until 1936, when one Daisy Moore began making the tax payments. This continued until 1958, when the records indicate that Daisy Moore and Juanita Moore each paid successive years' taxes until 1964, at which time Juanita Moore alone began paying. Juanita Moore paid property taxes on the land until her death in 1984.

A final decree was entered in the Juanita Moore estate in October, 1984. Article V of the Moore will stated:

"I give, devise and bequeath the forty point ten (40.10) acres of land owned by

me in Sequoyah County, Oklahoma, described as follows, to-wit:

> Southwest Quarter of Southwest Quarter of Section 19, Township 13 North, Range 21 East

to Kenneth Shanks, a family friend."

The county tax records show that Kenneth Shanks, appellee, began paying taxes on the property at that time. Appellee filed the instant quiet title action shortly thereafter.

Shanks testified that he had visited the property a number of times with Juanita Moore and that at all times she had considered herself its owner through inheritance. Shanks testified that Ms. Moore had stated that she was aware of Anthony's use of the land as pasture for his cattle and that at one time, she had refused an offer by Anthony to purchase the land. One of appellee's witnesses, Don Shanks, testified that on another occasion Anthony had offered to trade another parcel of land he owned for the disputed forty acre tract. Shanks also introduced into evidence the tax receipts for the years 1910–1984, inclusive, and title abstracts for the subject property in support of his claim.

## II.

The district court ruled that Anthony had not shown continuous possession of the property for the statutory period, basing that conclusion, in part, on evidence brought out during Anthony's case that unknown persons had been cultivating marijuana on the property. On appeal, the Court of Appeals disagreed. Discrediting Shank's evidence regarding the payment of property taxes, and reasoning that the trial court's reliance on the intrusion of unknown persons as an act breaking continuity of possession was erroneous, the Court of Appeals concluded that the district court's ruling was against the clear weight of evidence; it vacated the judgment for Shanks, and directed that judgment be entered for Anthony.

## III.

■ In order to establish adverse possession, the claimant must show that posses-

sion was hostile, under claim of right or color of title, actual, open, notorious, exclusive, continuous, and for the statutory time. *Fadem v. Kimball*, Okl.App., 612 P.2d 287, 290 (1979) (approved for publication by the Supreme Court).

## IV.

Here, there is little doubt that Anthony's possession was (1) open, (2) notorious, and (3) for the statutory period. However, Anthony's continuous possession and his claim of right is disputed, and he has no color of title upon which to base his claim.

■ We believe that the result reached by the Court of Appeals reflects an improper shifting of the burden on appellant in an adverse possession case. In such cases, appellant courts will weigh the evidence presented, but will not reverse the trial court's judgment unless the judgment is against the clear weight of the evidence. *James v. Union Graded School District No. 2*, 201 Okl. 573, 207 P.2d 241 (1943). In questionable cases, the presumption is always in favor of the party whose evidence shows record title. *Norman v. Smedley*, Okl., 363 P.2d 839 (1961).

■ We also believe that the appellate court's analysis of Anthony's "claim of right" is incorrect. While payment of taxes is not absolute proof of record title, it is an element to be considered in favor of the party paying taxes and is also an element which weakens an adverse possessor's "claim" of right. See: *Kouri v. Burnett*, Okl., 415 P.2d 963, 969 (1966); *Cox v. Sarkeys*, Okl., 304 P.2d 979 (1956); *Richterberg v. Wittich Memorial Church*, 222 F.Supp. 324 (W.D.Okl.1963). Some states require a showing of good faith in the adverse possessor's "claim of right". See: *Armstrong v. Cities Service Gas Company*, 210 Kan. 298, 502 P.2d 672 (1972). While Oklahoma cases have not acknowledged such a level of good faith as a necessary prerequisite to a establishing a claim of right, an implied good faith belief in the adverse possessor's "claim" has been present. In *Walthers v. Tanner*, 204 Okl. 598, 233 P.2d 303 (1951), this Court stated, as a general principle, that the intent with which an adverse possessor enters land is immaterial.

V.

This record shows that, by his own testimony, Anthony knew actual title to the property was vested in another. He knew that he was fencing property that did not belong to him and he knew the identity of the person claiming legal title long before the statutory period had expired. Further, although Anthony denies this point, testimony was presented that Anthony offered to purchase the property and that he offered to trade other land for the tract at issue. The trial court could fairly conclude that these facts constitute Anthony's acknowledgement, or recognition, of title in the true owner. Acknowledgement by an adverse possessor of title in another is evidence tending to show that his claim was not truly adverse. See: *Harjo v. Mathis*, 170 Okl. 523, 41 P.2d 92 (1935). The weight to be given such an acknowledgement is for the trier of fact; in this case, the district court judge. *Harjo*, 41 P.2d at 95. A recognition by an adverse possessor that legal title lies in another serves to break the essential element of continuity of possession. See e.g.: *Coats v. Riley*, 154 Okl. 291, 7 P.2d 644 (1932); *Honeyman v. Andrew*, 124 Okl. 18, 253 P. 489 (1927).

With the above considerations in mind, we have difficulty concluding that the judgment of the district court was against the clear weight of evidence. *James v. Union Graded School District No. 2*, 201 Okl. 573, 207 P.2d 241 (1949).

Accordingly, the opinion of the Court of Appeals, Division 2, is VACATED. The judgment of the District Court is AFFIRMED.

OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON, SUMMERS, JJ., concur.

KAUGER, J., concurs in part and dissents in part.

HARGRAVE, C.J., concurs in part and dissents to parts IV, V.