OSCN Found Document:AMOORPOUR v. KIRKHAM

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 AMOORPOUR v. KIRKHAM
2023 OK 120
Case Number: 120181
Decided: 12/19/2023
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 120, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

MOHAMMAD AMOORPOUR and MARYAM AMNIFAR, TRUSTEES OF THE AMOORPOUR FAMILY TRUST,
Appellees/Counter-Appellants,
v.
BRENDA J. KIRKHAM, an individual, Appellant/Counter-Appellee,
and
CARL KIRKHAM, an individual, Defendant,
and
ALEXANDER WELCHER, JR., an individual, JONATHAN A. WELCHER, an individual, JEANNIE WELCHER, an individual, GAYLE WELCHER, an individual, AMERICAN GUARANTY TITLE INSURANCE COMPANY, Defendants.

APPEAL FROM THE DISTRICT COURT OF MCCLAIN COUNTY
HONORABLE CHARLES GRAY, ASSOCIATE DISTRICT JUDGE

¶0 Appellees brought a claim against a neighboring landowner to quiet title. The neighboring landowner counterclaimed, alleging adverse possession. After a bench trial, the district court quieted title to Appellees. Appellees then moved for money damages for the rental value of the property and sought a writ of assistance. The district court denied Appellees' requests for relief. The neighboring landowner appealed, and Appellees counter-appealed. The Court retained this case. We affirm the district court's ruling to quiet title to Appellees, holding the neighboring landowner failed to prove adverse possession, and we affirm the district court's denial of Appellees' request for money damages. We reverse the district court's denial of Appellees' request for a writ of assistance.

DISTRICT COURT'S JUDGMENT AFFIRMED IN PART AND
REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

James B. Blevins, George William Velotta, II, and Carrie Kopp, Blevins and Associates Law, PLLC, Purcell, Oklahoma, for Appellant Brenda Kirkham.

Christopher C. Lind and Lucas M. West, Nichols Dixon PLLC, Norman, Oklahoma, for Defendants Alexander Welcher, Jr., Jonathan A. Welcher, and Jeannie Welcher.

Brett Agree and Jacob Yturri, Garvin Agee Carlton, P.C., Pauls Valley, Oklahoma, for Appellee Mohammad Amoorpour.

John Mantooth, Purcell, Oklahoma, for Defendant Gayle Welcher.

Winchester, J.

¶1 This matter arises from two competing claims of title to ten (10) acres of property located in McClain County, Oklahoma. Appellant/Counter-Appellee Brenda Kirkham (Kirkham) claims title to the property through adverse possession. Appellees/Counter-Appellants Mohammad Amoorpour (Amoorpour) and Maryam Amnifar, Trustees of the Amoorpour Family Trust, claim title to the property through a warranty deed.[1]

¶2 The issues before this Court are whether the district court erred (1) in determining that a 2002 quiet title action involving the same ten acres at issue was dispositive and precluded judgment in favor of Kirkham's claim for adverse possession in this matter; (2) in denying Amoorpour's motion for damages requesting the rental value of the property from Kirkham; and (3) in failing to award possession of the property to Amoorpour.

¶3 The overarching question that this Court must answer is whether Kirkham proved that she adversely possessed the property. Because Kirkham cannot prove that she adversely possessed the property at any time, she has no claim to the property, and Amoorpour hold superior title. We affirm the district court's judgment quieting title to Amoorpour. We also hold that the district court properly denied Amoorpour's motion for damages but erred in failing to grant Amoorpour's writ of assistance.

FACTS AND PROCEDURAL HISTORY

¶4 In 1939, Alexander Welcher, Sr. obtained ownership of the ten acres of property at issue through a resale tax deed. Alexander Welcher visited the property at some point in his lifetime but did not reside on the property. In 1993, Alexander Welcher was presumed deceased in the State of Washington. Alexander Welcher's children probated his estate in Washington and Oklahoma. Alexander Welcher's estate in Oklahoma included the ten acres at issue located in Newcastle, Oklahoma, described as follows:

The Northwest Quester (NW/4) of the Northwest Quarter (NW/4) of the Southeast Quarter (SE/4) of SECTION FIVE (5), Township NINE (9) North, Range FOUR (4) West, McClain County, Oklahoma.

Each of Alexander Welcher's children received one-fifth of the property.

¶5 Two of the children visited the property in the 1990s. Defendant Gay Welcher saw no evidence of activity or ownership of the property by Kirkham. Defendant Alexander Welcher, Jr. did not see any individuals occupying the property. Alexander Welcher, Jr. saw only raw land with brush and did not recall seeing any fences, animals, or improvements on the property. He saw nothing to indicate that any individual was utilizing the land. The taxes for the property were at all times paid by Alexander Welcher, Sr. or his children.

¶6 In 2002, Defendants Jonathan Welcher, Alexander Welcher, Jr., Jeanie Welcher, and Gayle Welcher (collectively Welcher Heirs) sought to quiet title to the property. The Welcher Heirs issued notice to the Bureau of Indian Affairs because the property is in Chickasaw Country and was subject to the interests of the members of the Five Civilized Tribes. The Bureau elected not to remove the quiet title action to federal court, and it agreed to be bound by the district court's judgment. The Welcher Heirs became record owners of the property when the district court filed a judgment in their favor on July 9, 2003.

¶7 The Welcher Heirs then decided to sell the property. In May 2005, Amoorpour purchased the property for $97,000, and the Welcher Heirs deeded the property to him. Amoorpour had no issues with the purchase or the title to the property. He obtained financing, and since that time, he paid off his mortgage. Amoorpour has paid the taxes for the property every year since he purchased the property.

¶8 After purchasing the property, Kirkham and her husband Carl Kirkham (collectively Kirkhams) prevented Amoorpour from entering the property. In 2007, Amoorpour filed this action in district court. The Kirkhams counterclaimed, alleging they had adversely possessed the land for more than 15 years. Amoorpour amended his petition and added a claim against the Welcher Heirs contending that if the Kirkhams prove their adverse possession claim, then the Welcher Heirs breached their warranty of title when they sold the property to Amoorpour. The district court granted a motion for a separate trial to determine Amoorpour's claims against the Welcher Heirs.

¶9 The Kirkhams claimed that they used the property for more than 15 years prior to the 2002 quiet title action. They pastured horses and cows, built fences, dug a pond, and built a baseball backstop on the property. At some point, Mr. Kirkham attempted to pay the taxes for the property. However, an attorney told Mr. Kirkham that Indians owned the property.

¶10 In 2012, Carl Kirkham passed away, and the district court dismissed his claims against Amoorpour. In July 2021, after over ten years of litigation, the district court held a two-day bench trial on Amoorpour's claim for quiet tile[2] and Kirkham's counterclaim for adverse possession. The district court granted a directed verdict in favor of Amoorpour, holding that the 2002 quiet title action that awarded title to the Welcher Heirs was dispositive and precluded judgment in favor of Kirkham.

¶11 Three weeks after the trial, Amoorpour filed a writ of assistance. He also filed a motion for damages, requesting the district court to award him rental damages against Kirkham for 196 months of unlawful possession (until July 20, 2022), at $500 per month, equaling $90,000.

¶12 Kirkham responded, arguing that Amoorpour's quiet title claim did not include a claim for a writ of assistance. She also contended that Amoorpour was not entitled to damages because he dismissed his claims for monetary damage before the trial.

¶13 The district court denied Amoorpour's request for damages, concluding that the claim was an alteration to the cause of action by Amoorpour and an attempt to modify his damages claim outlined in the pre-trial order without the court's permission. The district court also denied Amoorpour's request for a writ of assistance, holding Oklahoma law requires Amoorpour to follow additional procedures before the court could issue any writ.

¶14 Kirkham appealed, and Amoorpour counter-appealed. This Court retained the case.

¶15 On appeal, Kirkham claims that she and her husband adversely possessed the land for at least 15 years prior to the 2002 quiet title action. Therefore, the Welcher Heirs should have given her proper notice of or made her a party to the 2002 quiet title action. Kirkham contends the district court erred in holding that the 2002 quiet title action was dispositive of her claim because the action was not valid against her.

¶16 Amoorpour and the Welcher Heirs respond that Kirkham never met the required elements of adverse possession and did not have a claim to title at any point, including when the 2002 quiet title action matter was pending.

¶17 Amoorpour filed a counter-petition in error, claiming that the district court erred in denying his motion for damages and writ of assistance.

STANDARD OF REVIEW

¶18 A claim for title by adverse possession is an equitable proceeding. The Court will weigh the evidence presented and affirm the district court's decision unless it is against the clear weight of the evidence or is contrary to law. Akin v. Castleberry, 2012 OK 79, ¶ 11, 286 P.3d 638.

¶19 The issues in this appeal also concern questions of law; the correct standard of review is de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, ¶ 9, 222 P.3d 1058, 1064. Under the de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. Id.

DISCUSSION

A. KIRKHAM DID NOT PROVE TITLE BY ADVERSE POSSESSION UNDER THE FACTS PRESENTED.

¶20 Adverse possession claims are disfavored and are not to be made by inference. Francis v. Rogers, 2001 OK 111, ¶ 13, 40 P.3d 481, 486. In questionable cases, presumptions favor the record title holder. Id.; see also Akin, 2012 OK 79, ¶ 12, 286 P.3d at 641.

¶21 What constitutes adverse possession is a mixed question of law and fact. The law does not attempt to list all the acts of dominion which may constitute such possession. What constitutes adverse possession often depends upon the circumstances of the particular case, as measured by the judgment of reasonable men. Such determination depends upon the situation of the parties, the size of the land, and the purpose for which the claimant uses the land. Anderson v. Hill, 1951 OK 353, ¶ 17, 239 P.2d 1016, 1020.

¶22 A person claiming adverse possession has the burden of proving every element of adverse possession by clear and positive proof. Anderson, 1951 OK 353, ¶ 11, 239 P.2d at 1019. The claimant must show that possession was hostile, under a claim of right or color of title, actual, open, notorious, exclusive, and continuous for the statutory period of 15 years. Akin, 2012 OK 79, ¶ 11, 286 P.3d at 641; Tindle v. Linville 1973 OK 64, ¶ 8, 512 P.3d 176, 178. Keeping this standard in mind, we address whether Kirkham proved each element of adverse possession in turn.

I. Kirkham did not continuously possess the property for 15 years.

¶23 Possession of property alone is not sufficient to give title. The possession must be continuous for 15 years. Our Court has explained:

[I]t is also essential that such possession, in order, that it may ripen into title, should be shown to be continuous and uninterrupted for the full statutory period. The moment the possession is broken it ceases to be effectual, because, as soon as, and as often as a break occurs, the law restores the constructive possession of the owner.

Anderson v. Francis, 1936 OK 312, ¶ 15, 57 P.2d 619, 621. Continuous and uninterrupted use is use that is not disrupted by the act of the owner of the land or by voluntary abandonment by the party adversely claiming the property. Hargraves v. Wilson, 1963 OK 77, ¶ 21, 382 P.2d 736, 740.

¶24 In 1988, the Kirkhams moved into a house located on the property adjacent to the property at issue. They occasionally used an electric hot wire fence on a portion of the disputed property to pasture animals. However, the wire fence was not a permanent fixture.

¶25 In 1992, the Kirkhams built a baseball backstop on the property at issue. They used the backstop in spring and fall until approximately 1999. Mr. Kirkham stored some hay bales on the property during this time and dug a pond to divert water. However, after 1999, the backstop laid dormant and became overgrown with brush. At some point in 2002 or 2003, the Kirkhams placed a t-post and permanent wire fence around one part of the property. Cattle and horses occasionally grazed in this area after they placed the wire fence.

¶26 From a careful examination of the record, there appear to be certain short periods in which Kirkham proved possession of a portion of the property. However, there are many breaks in the continuous statutory period to clearly come within the rule of adverse possession.

¶27 We dealt with a similar issue in Francis, wherein the claimants contended that they adversely possessed and occupied a strip of land by building a fence, farming, and running cattle on the land. 2001 OK 111, ¶ 6, 40 P.3d at 484. However, the evidence presented at trial demonstrated that the claimants only used the land when the trains stopped running on the land, which was six years before the lawsuit. We found that the claimant alleging adverse possession failed to show uninterrupted and continuous possession for 15 years. Id. ¶ 17, 40 P.3d at 486-87.

¶28 At most, the evidence showed continuous use by Kirkham of the property from 1992 until 1999, or 7 years, and from 2002 until 2007, or 5 years. There is no evidence of continuous use of the property from 1988 to 1992 or from 1999 until 2002. We hold that Kirkham did not have continuous and uninterrupted possession for a period of 15 years prior to the 2002 quiet title action or when Amoorpour filed this lawsuit.

II. Kirkham did not have exclusive and hostile possession of the property for 15 years. 

¶29 For adverse possession to ripen into prescriptive title must also be exclusive and notorious. Collins v. Smith, 1962 OK 128, ¶ 18, 372 P.2d 878, 881 (noting that for exclusive possession one must show "exclusive dominion over the land and an appropriation of it to his own use and benefit"). Here, other individuals entered onto the property to practice baseball and ride motorcycles or four runners. Other individuals dumped trash on the property and parked on the property. Kirkham never effectively enclosed the disputed area in this case. Instead, the land was vacant and accessible to any number of people. The use of a vacant field for baseball practice or riding vehicles does not rise to the level of a claim and use of land that is adverse possession. If we ruled otherwise, vacant lots and fields would be subject to claims for title. The evidence supports the conclusion that other individuals shared possession of the disputed property during the adverse possession period. Diem v. Diem, 1962 OK 124, ¶ 12, 372 P.2d 19, 23. And common access to the disputed tract erodes Kirkham's claims of exclusive possession of the property.

¶30 Further, hostile possession, taking the property as if it was hers, can be gathered only from acts and declarations of the claimant. Norman v. Smedley, 1961 OK 143, ¶ 13, 363 P.2d 839, 842. Kirkham's actions and declarations cannot be considered hostile. For example, in February 1998, the Kirkhams did not list the property in Mr. Kirkham's bankruptcy filings. Although only Mr. Kirkham filed for bankruptcy, these filings are relevant in that Kirkham testified that she is claiming the same interest in the property as Mr. Kirkham did before his death. Mr. Kirkham did not disclose any interest in the subject property although he was to list all his legal or equitable interests in the property at the commencement of the bankruptcy case, including any interest that is legal, equitable, vested, contingent, non-possessory, present, or arising in the future. In re Dittmar, 618 F.3d 1199, 1207 (10th Cir. 2010). Mr. Kirkham admittingly did not list the property in his bankruptcy because he did not believe he had title to the property; the same is true for Kirkham. Because the Kirkhams did not claim title to the property in 1998, there is no clear and positive proof that their possession was hostile for 15 years prior to the filing of this action in 2007.

III. Kirkham did not openly and notoriously possess the land for 15 years.

¶31 Adverse possession must also notify parties seeking information that a premises is not held in subordination to any title or claim of another but against all titles and claimants. Davis v. Manhard, 1935 OK 484, ¶ 16, 45 P.2d 1095, 1097. The claimant doing such acts must indicate in an open, public, and visible manner that the claimant has control over the land. Hair v. City of Norman, 1963 OK 291, ¶¶ 19-22, 389 P.2d 634, 637.

¶32 The evidence presented by the parties was that the Welcher Heirs visited the property at least twice during the time that the Kirkhams adversely possessed the property and did not see evidence of possession by the Kirkhams. When the Welcher heirs decided to sell the property, their realtor and a surveyor went to the property and did not see any evidence of possession of the property by the Kirkhams. Kirkham saw "For Sale" signs located on the property in 2005. However, she did not inquire as to who was selling the property or claim ownership of the property at that time.

¶33 Amoorpour also visited the property twice prior to purchasing it. The first time he saw some cows on a portion of the property. The second time Amoorpour spoke with Mr. Kirkham, who relayed to him that certain Indians owned the land. Mr. Kirkham did not claim ownership of the property at that time. Kirkham also admitted that she knew that certain Indians owned the property.

¶34 The evidence presented of Kirkham's use was insufficient to put the Welcher Heirs and Amoorpour--a prospective purchaser--on notice that Kirkham was in adverse possession.

¶35 Further, in Shanks v. Collins, 1989 OK 115, ¶ 18, 782 P.2d 1352, 1355, we held that a claimant did not adversely possess the disputed property because, by his own testimony, the claimant knew that another had actual title to the property long before the statutory period had expired. The district court concluded that these facts constituted the claimant's acknowledgment of title in the true owner. We agreed and reiterated that acknowledgment by an adverse possessor of title in another is evidence tending to show that his claim was not truly adverse. We also noted that recognition by an adverse possessor that legal title belongs to someone else serves to break the essential element of continuity of possession. Id.; see, e.g., Coats v. Riley, 1931 OK 758, 7 P.2d 644; Honeyman v. Andrew, 1926 OK 968, 253 P. 489. The acknowledgment in this case that certain Indians owned the land weakened Kirkham's claim of adverse possession.

IV. Kirkham did not have possession under a claim of right or color of title for 15 years. 

¶36 The subject property had interests by individuals who were members of the Five Civilized Tribes, restricting the transfer of the property. Adverse possession does not run against the public lands of the government, nor does it run against the land of Indian tribes. St. Louis & S.F. Ry. v. McBride, 1924 OK 1066, ¶ 8, 231 P. 284, 287. Therefore, the Kirkhams would have had to remove these restrictions from the land prior to claiming that their title ripened through adverse possession. The Welcher Heirs did this as part of their 2002 quiet title action, issuing notice to the Bureau of Indian Affairs. Until the district court quieted title to the Welcher Heirs, the land was subject to restrictions, and the title could not ripen through adverse possession.

¶37 In this case, Kirkham did not provide clear and positive proof of continuous, open, notorious, exclusive, and hostile possession. Francis, 2001 OK 111, ¶ 13, 40 P.3d at 486. Kirkham had the burden to satisfy each element of possession in support of her claim. Mason v. Evans, 1965 OK 173, ¶ 41, 410 P.2d 534, 540. Kirkham's ownership claim does not reconcile with the ever-changing ebb and flow of influence over the property at issue, with fixtures that came and went and pieces of fence that never encircled the property. Kirkham's actions were at times ambiguous and lacked clear and positive proof. For these reasons, the district court correctly quieted title to Amoorpour.

B. THE WELCHER HEIRS GAVE PROPER NOTICE TO KIRKHAM REGARDING THE 2002 QUIET TITLE ACTION. 

¶38 A quiet title action is to determine the actual owner of a property and put any adverse claims to rest. Schultz v. Evans, 1951 OK 61, ¶ 13, 228 P.2d 626, 628. Service by publication is proper for a quiet title action.[3]

¶39 In 2002, the Welcher Heirs filed a quiet title action in McClain County to resolve ownership and chain of title deficiencies regarding the property at issue. The Welcher Heirs attempted to give actual notice to all persons in the recorded chain of ownership and constructive notice to any unknown other persons. The Welcher Heirs published notice three times (October 10, 2002, October 17, 2002, and October 24, 2002). The Welcher Heirs also gave notice to the Bureau of Indian Affairs. Following proper notice and approval by the Bureau of Indian Affairs, the district court quieted title to the Welcher Heirs.

¶40 Kirkham could not prove adverse possession at the time the Welcher Heirs filed the 2002 quiet title action in the same way she cannot prove it in this matter. She had the same legal right to notice or due process as any other person attempting to claim title to the property without any legal interest. Kirkham received constructive notice of the quiet title action, and it was proper.

¶41 Despite the 2002 quiet title action, the law permitted Kirkham to bring her counterclaim for adverse possession in this matter. The district court in the 2002 quiet title action had jurisdiction over the parties to the action, and the purpose of that action was to litigate and determine title to the parties in the case. Schultz, 1951 OK 61, ¶ 13, 228 P.2d at 628. Kirkham and Amoorpour were not parties to that case, and the prior judgment did not bar Kirkham from bringing her counterclaim for adverse possession against Amoorpour. See Atl. Richfield Co. v. Tomlinson, 1993 OK 106, ¶ 33, 859 P.2d 1088, 1097 (holding a prior quiet title action did not preclude a later quiet title suit brought by individuals who were not parties to the original suit). The 2002 quiet title action had no bearing on this action except that it quieted title to the Welcher Heirs, which in turn allowed them to transfer the property to Amoorpour. And the district court then properly quieted title to Amoorpour.[4]

C. THE DISTRICT COURT CORRECTLY CONCLUDED THAT AMOORPOUR WAS NOT ALLOWED MONEY DAMAGES AS PART OF HIS CLAIM.

¶42 The district court properly denied Amoorpour's motion for damages because he did not have a claim for money damages pending at trial. After the pre-trial conference but before the bench trial, Amoorpour filed a partial dismissal with prejudice as to all claims except for quiet title. The district court determined the quiet title claim at trial without awarding any damages to Amoorpour. Three weeks later, Amoorpour filed a motion for damages.

¶43 An action for quiet title on its own does not provide for a monetary award of damages. Schultz, 1951 OK 61, ¶ 13, 228 P.2d at 628. Instead, the purpose is to determine the real owner of the property. Id. Amoorpour had no claim for money damages pending at the time of trial.

¶44 Further, Amoorpour's damages were uncertain and speculative, and Oklahoma law prohibits recovery of damages that are uncertain and speculative. See Great Western Motor Lines, Inc. v. Cozard, 1966 OK 134, ¶ 8, 417 P.2d 575, 578. The only evidence Amoorpour presented of his damages was one statement during his testimony at trial as to the rental value of the property without any testimony as to how he arrived at the rental value. Even more, Amoorpour's damages are speculative because he claims that Kirkham never continuously possessed the entire property. The district court correctly denied Amoorpour's motion for damages.

D. THE DISTRICT COURT ERRED IN NOT GRANTING AMOORPOUR'S WRIT OF ASSISTANCE.

¶45 The district court had jurisdiction over the property at issue and had the power to issue a writ of assistance after it determined and settled the parties' title to the property. 6 Am. Jur. 2d Assistance, Writ of § 4 (2023). Yet the district court denied Amoorpour's request for a writ of assistance. Relying on Wishon v. Sanders, 2020 OK CIV APP 29, 467 P.3d 721, the district court concluded that Oklahoma law required Amoorpour to take additional steps after having title quieted to obtain possession. However, in Wishon, the quiet title action occurred in 2011, and the title holder appealed an order from the district court denying her motion for a writ of assistance almost ten years after the court quieted the title. Id. ¶ 1, 467 P.3d at 722. The Court of Civil Appeals denied the title holder's request, concluding that the parties did not properly plead or litigate possession in the 2011 quiet title matter. Id. ¶ 14, 467 P.3d at 725.

¶46 The Wishon case is distinguishable from this matter because the parties in this case litigated possession. The common issues litigated for possession are (1) the title of the plaintiff; (2) the present right of possession; and (3) the wrongful possession of the defendant. Gentry v. McCurry, 1928 OK 733, ¶ 3, 273 P. 222, 223. The claimant must first prove a regular chain of title and show all deeds or other evidence of title. 12 O.S.2021, § 1142; see also Cook v. Hammett, 1943 OK 114, ¶ 7, 135 P.2d 962, 964.

¶47 At trial, the district court heard testimony and took judicial notice of the chain of title, and the evidence was clear and uncontroverted. In 1939, Alexander Welcher, Sr. obtained ownership of the property through a resale tax deed. In 1993, Alexander Welcher, Sr. was presumed deceased, and the Welcher Heirs inherited the property. In 2002, the Welcher Heirs sought to quiet title to the property and became record owners of the property. In May 2005, Amoorpour purchased the property, and the Welcher Heirs deeded the property to him. Amoorpour was the record title holder when he filed this lawsuit. However, Kirkham would not allow him to possess the property. Kirkham failed to establish adverse possession and has wrongfully possessed the property.

¶48 Kirkham claims that the district court properly denied Amoorpour's request for a writ because he did not plead such action. However, this Court has construed claims of quiet title as claims for recovery of property. In Krosmico v. Pettit, 1998 OK 90, 968 P.2d 345, a claimant brought a suit claiming adverse possession. The title holder to the property counterclaimed, requesting the court to quiet title. We recognized that the title holder's counterclaim for quiet title was more properly characterized as one for ejectment as the title holder had the title to the property and was attempting to possess the property. Id. ¶ 2 n.1, 968 P.2d at 346 n.1. Here, Amoorpour held title to the property and brought this matter because Kirkham denied him possession of the property. Although the district court had to determine Kirkham's adverse possession claim, Amoorpour was ultimately seeking possession of the property. The district court resolved the issues regarding who was entitled to possession and therefore had the power to issue a writ of assistance. We reverse the district court's denial of Amoorpour's writ of assistance.

CONCLUSION

¶49 Based upon our analysis, we affirm the district court's rulings to quiet title to Amoorpour and to deny his motion for damages. We reverse the district court's ruling denying Amoorpour's request for a writ of assistance. We remand for proceedings consistent with this opinion.[5]

DISTRICT COURT'S JUDGMENT AFFIRMED IN PART AND
REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

ALL JUSTICES CONCUR. 

FOOTNOTES

[1] Mohammad Amoorpour filed this matter in district court as the sole record titleholder in the case. On July 15, 2015, Mohammad Amoorpour deeded his interest in the subject property to Mohammad Amoorpour and Maryam Amnifar, Trustees of the Amoorpour Family Trust. The district court substituted the parties on March 7, 2018. However, we refer to Amoorpour as an individual throughout the opinion since the facts relating to the matter involve him acting as an individual.

[2] Prior to trial, Amoorpour dismissed every claim against Kirkham except for his claim for quiet title.

[3] Title 12 O.S.2021, § 2004(B)(3)(c)(3) states:

(3) In an action to quiet title to real property, it is not necessary for the publication notice to state the nature of the claim or interest of either party, and in describing the nature of the judgment that will be rendered should the defendant fail to answer, it is sufficient to state that a decree quieting plaintiff's title to the described property will be entered. It is not necessary to state that a decree forever barring the defendant from asserting any interest in or to the property is sought or will be entered if the defendant does not answer.

[4] We note that "a legally correct nisi prius judgment must be affirmed although it was anchored to a theory different from that on which it comes to be tested on appellate review" when the different theory is adequately supported by the record. Farley v. City of Claremore, 2020 OK 30, ¶ 19, 465 P.3d 1213, 1225.

[5] On December 19, 2022, Appellees/Counter-Appellants filed a request for this Court to strike Proposition C of Kirkham's Answer Brief. They argued that Kirkham violated the rules of appellate procedure by attempting to correct her failure in Proposition C to provide citations to the record. The Court entered an order stating that consideration of Appellees/Counter-Appellants' motion was deferred until the decisional stage of this appeal. We do not find a violation of any rule of appellate procedure and deny the motion to strike.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2020 OK CIV APP 29, 467 P.3d 721, 
WISHON v. SANDERS
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 115, 782 P.2d 1352, 60 OBJ 1779, 
Shanks v. Collins
Discussed

 
1993 OK 106, 859 P.2d 1088, 64 OBJ 2339, 
Atlantic Richfield Co. v. Tomlinson
Discussed

 
1936 OK 312, 57 P.2d 619, 177 Okla. 47, 
ANDERSON v. FRANCIS
Discussed

 
2001 OK 111, 40 P.3d 481, 72 OBJ 3678, 
FRANCIS v. ROGERS
Discussed at Length

 
1935 OK 484, 45 P.2d 1095, 172 Okla. 85, 
DAVIS v. MANHARD
Discussed

 
1961 OK 143, 363 P.2d 839, 
NORMAN v. SMEDLEY
Discussed

 
1962 OK 124, 372 P.2d 19, 
DIEM v. DIEM
Discussed

 
1962 OK 128, 372 P.2d 878, 
COLLINS v. SMITH
Discussed

 
1963 OK 77, 382 P.2d 736, 
HARGRAVES v. WILSON
Discussed

 
1963 OK 291, 389 P.2d 634, 
HAIR v. CITY OF NORMAN
Discussed

 
1965 OK 173, 410 P.2d 534, 
MASON v. EVANS
Discussed

 
1966 OK 134, 417 P.2d 575, 
GREAT WESTERN MOTOR LINES, INC. v. COZARD
Discussed

 
1973 OK 64, 512 P.2d 176, 
TINDLE v. LINVILLE
Cited

 
1931 OK 758, 7 P.2d 644, 154 Okla. 291, 
COATS et al. v. RILEY et al.
Discussed

 
2009 OK 61, 222 P.3d 1058, 
STATE ex rel. PROTECTIVE HEALTH SERVICES STATE DEPT. OF HEALTH v. VAUGHN
Discussed

 
1924 OK 1066, 231 P. 284, 104 Okla. 216, 
ST. LOUIS-SAN FRANCISCO RY. CO. v. McBRIDE
Discussed

 
2012 OK 79, 286 P.3d 638, 
AKIN v. CASTLEBERRY
Discussed at Length

 
2020 OK 30, 465 P.3d 1213, 
FARLEY v. CITY OF CLAREMORE
Discussed

 
1928 OK 733, 273 P. 222, 134 Okla. 182, 
GENTRY v. McCURRY
Discussed

 
1926 OK 968, 253 P. 489, 124 Okla. 18, 
HONEYMAN v. ANDREW
Discussed

 
1951 OK 61, 228 P.2d 626, 204 Okla. 209, 
SCHULTZ v. EVANS
Discussed at Length

 
1951 OK 353, 239 P.2d 1016, 205 Okla. 561, 
ANDERSON v. HILL
Discussed at Length

 
1998 OK 90, 968 P.2d 345, 69 OBJ 3237, 
Krosmico v. Pettit
Discussed

 
1943 OK 114, 135 P.2d 962, 192 Okla. 298, 
COOK v. HAMMETT
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 1142, 
Actions for Recovery of Real Property
Cited

 
12 O.S. 2004, 
Process
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA